[Civ. No. 696.   Second Appellate District.—February 4, 1910.]

EDWARD E. TAYLOR, Appellant, v. MRS. F. W. MAR-SHALL, M. R. WILLIAMS, and FRED S. WHIT-COMB, Trustees of Monrovia City School District, and Monrovia City High School District, Respondents.

APPEAL FROM JUDGMENT—ORDER DENYING MOTION TO VACATE NOT APPEALABLE.—An order denying a motion to vacate a judgment is not appealable; and where an appeal is taken from such order, and from the judgment, the case must be determined upon the appeal from the judgment.

PUBLIC SCHOOLS—DISMISSAL OF PRINCIPAL OF CITY SCHOOLS BY TRUS-TEES FOR CAUSE—ACTION AFFIRMED BY COUNTY SUPERINTENDENT — MANDAMUS.—Where the trustees of the schools of a city, in which there is no board of education, dismissed the principal of the city schools on the ground of incompetence, unfitness, and misconduct, without written charges or a formal hearing, and the order was affirmed upon his petition to the county superintendent for reinstate-ment, the case is governed by the general school law, and *mandamus* will not lie to compel his reinstatement.

ID.—RULE AS TO FIXED TENURE OF OFFICE OF CITY TEACHERS INAP-PLICABLE.—The rule established by the Political Code as to the fixed tenure of office of city teachers in cities governed by a board of education is inapplicable to the present case.

ID.—ACTION OF TRUSTEES NOT ARBITRARY.—The course pursued by the trustees in discussing the alleged delinquencies of the principal with him, and allowing him an opportunity to correct them after an admission of their truth, is all the law contemplates shall be done on the part of the trustees, and where he still failed to cor-rect the same, their action in dismissing him was not arbitrary.

ID.—PROVISION FOR HEARING BEFORE COUNTY SUPERINTENDENT EXCLU-SIVE.—The provision for a hearing before the county superintendent appears to be the only one provided by the code. No injustice ap-pears in assuming that no other trial was intended to be given in the case of dismissal of a teacher by the board of school trustees.

ID.—CONSTRUCTION OF CODE—"DISMISSAL"—TRIAL BEFORE TRUSTEES NOT IMPLIED.—The use of the word "dismissal" applied to the ac-tion of the trustees, in the provision for a hearing before the county superintendent, does not imply a hearing or trial before the trustees. It implies a summary disposal of the case by the trus-tees as distinguished from a trial of it.

ID.—DECISION OF SUPERINTENDENT BINDING UPON DEFENDANT.—The superintendent, upon the hearing before him, had power to order

his reinstatement, if improperly dismissed, in his judgment, and where he affirmed the action of the trustees thereon, its decision is binding upon him, and he cannot be restored by writ of mandate.

ID.—SOLE REMEDY OF PLAINTIFF BY ACTION ON CONTRACT FOR SALARY.— The sole remedy of plaintiff, if he has any, is by action on the contract for his salary. Such an action will lie against the board of trustees by the principal of schools, if they have unlawfully deprived him of his employment in breach of his contract.

ID.—MEASURE OF DAMAGES FOR BREACH.—If it should appear in such action that the principal was ready and willing to perform the duties required, and could not and did not obtain other employment, his damages will be measured by the sum he could have received under the contract.

ID.—ADEQUATE REMEDY AT LAW—MANDATE PROPERLY DENIED.—Where the petitioner for the writ of mandate has an adequate remedy at law, which would be afforded by such an action, the writ of mandate was properly denied.

APPEAL from a judgment of the Superior Court of Los Angeles County. Walter Bordwell, Judge.

The facts are stated in the opinion of the court.

Edward E. Taylor, and McNutt & Hannon, for Appellant.

Woodruff & McClure, for Respondents.

TAGGART, J.—This is a petition for a writ of mandate to compel defendants to reinstate plaintiff in the positions of principal of the high school and supervising principal of the grammar and primary schools of the city of Monrovia, from which he was dismissed by them, as trustees of that school district, without a regular hearing. The superior court gave judgment for defendants and denied the writ, and plaintiff appeals from the judgment and from an order denying his motion to vacate the judgment. The order mentioned not being appealable, the case is before us on the appeal from the judgment.

The trial court finds that plaintiff was employed by defendants on July 7, 1906, to fill the positions mentioned, for the ensuing year ending June 30, 1907. That he entered upon the discharge of the duties of these positions and continued to perform them until March 2, 1907, on which date

he was discharged by defendants for alleged incompetence, unfitness and misconduct. No charges were ever preferred against him in writing and no formal or any other hearing was given him by defendants on the said charges of delinquency. On February 2, 1907, however, said trustees in meeting assembled advised the plaintiff and discussed with him the unsatisfactory and demoralized condition of the schools under his supervision. He admitted that such condition existed and requested time in which to correct the disorder and rectify the matters wherein the performance of his duties was unsatisfactory, and was given until February 28, 1907, to do so. He failed to make the corrections before that time, and on that date the defendants demanded that he resign on or before March 2, 1907. This he refused to do, and on the last-mentioned day defendants, sitting as a board of trustees, declared the positions occupied by plaintiff vacant. On March 5, 1907, plaintiff appealed to the county superintendent of Los Angeles county for reinstatement, under section 1698 of the Political Code, and after a trial regularly had, at which plaintiff was represented by counsel and presented evidence upon his own behalf, the county superintendent sustained the action of defendants in dismissing the plaintiff.

Plaintiff's application for the writ is based upon the contention that neither of the positions occupied by him in the Monrovia schools was that of a mere employee, but that such positions conferred upon him a right or office which he was entitled to use or enjoy, and that he had been unlawfully precluded from such enjoyment by the defendants. (Code Civ. Proc., sec. 1085.) He has exhaustively presented the matter upon the authority of a number of English cases which sustain his view that a school teacher discharged without a hearing will be restored by the courts, and that the proper method of securing this result is by *mandamus.* It is not necessary to distinguish those cases. The peculiar property rights in place and office recognized in England, which are entirely inconsistent with the general rule in force in most of the states of this country, render the English decisions of little aid here. We think, however, the solution of the question before us lies in the construction of our own statutes.

Monrovia, in respect to the employment and discharge of its school teachers, is governed by the general school law affecting cities "not having a city board of education." (Pol. Code, sec. 1617, subd. 7.) Because of this distinction ·in the statute, the case of *Kennedy* v. *Board of Education,* 82 Cal. 483, [22 Pac. 1042], and other cases decided by our supreme court, involving the construction of the provisions. of the Political Code conferring a fixed tenure of office upon city teachers, have no application. This appears to be conceded ·in effect.

As above stated, plaintiff had a hearing before the county superintendent of schools, which appears to be the only one provided by the code. We see no injustice in assuming that no other trial was intended to be given in the case of a dismissal of a teacher by the board of school trustees. The trustees are seldom men who would feel themselves qualified to act in a judicial capacity, and, as one or more of them would probably be or become the real contestant of the teacher's fitness, the atmosphere surrounding a tribunal so constituted would be so surcharged with the preconceived opinions of its members that a formal hearing would generally be useless. The course pursued by the defendants here in discussing the alleged delinquencies of the teacher with him and allowing him an opportunity to correct them, after an admission of their truth, is certainly all that the law contemplates shall be done on behalf of the plaintiff by the trustees. The word "dismissal," used in section 1698, does. not imply a hearing or trial. This word imports summary action. Its use generally implies that the one dismissed is. sent away by authority. In a legal sense, it is used to denote the sending of a case out of court without a trial. It is the summary disposal of a case as distinguished from a trial of it. (3 Words and Phrases, p. 2105.)

There is nothing in the language of the section conferring the power, or elsewhere in the statute, to our knowledge, restricting the authority of the county superintendent to act to such cases as have been formally heard by the board of trustees. Thus there was an order of a competent tribunal, regularly made, declaring that plaintiff was unfit to be restored to his former position and sustaining the action of the defendants in dismissing him. This finding and order were as binding upon the defendants as would have been an order

directing his restoration. It is apparent that there was no legal duty resting upon them to restore the plaintiff to his position which can be enforced by a writ of mandate.

The remedy of plaintiff, if any he has, is by action on his contract for his salary. This form of action has been recognized by the courts of this state as a proper remedy in such cases. An action will lie against a board of trustees by the principal of schools, whom they have unlawfully deprived of his employment, in breach of his contract, and where it appears that he was ready and willing to perform the duties required and could not and did not obtain other employment, his damages will be measured by the sum he would have received under the contract. (*Hancock* v. *Board of Education*, 140 Cal. 554, [74 Pac. 44].) This would have afforded plaintiff a plain, speedy and adequate remedy at law (Code Civ. Proc., sec. 1086), and the writ was properly denied. In the absence of any suggestion that the question here involved has become moot from lapse of time, we have decided the case.

Judgment affirmed.

Allen, P. J., and Shaw, J., concurred.