[No. 1493, August 28, 1913.]

STATE OF NEW MEXICO, on the relation of Stella Sittler, Appellant, v. THE BOARD OF EDUCATION of the Town of Gallup, New Mexico, Appellee.

## SYLLABUS (BY THE COURT)

1. Mandamus cannot be maintained to compel reinstatement of a school teacher who has been removed by the school officers and whose relation to the school authorities rests wholly in contract. It is only where the teacher, by positive provision of law, has a fixed tenure of office, or can be removed only in some prescribed, manner, and where, consequently, it is the plain ministerial duty of the school board to retain him, that mandamus can be maintained.

P. 187

2. A school teacher has no fixed tenure of office by provision of law in this jurisdiction and his rights are measured by the terms of his contract with the school officers.

P. 190

Appeal from the District Court of McKinley County; Herbert F. Raynolds, District Judge; affirmed.

A. T. HANNETT, Gallup, N. M.; VIGIL & JAMISON, Albuquerque, N. M., for appellant.

Relator was entitled to a peremptory writ of mandamus, under the pleadings, when the court found that she was discharged. Merrill on Mandamus, vol. 1, pages 293-294 and 353; Marshman v. Conklin, et al., 21 N. J. Eq. 548; Bachman v. Sepulveda, 39 Cal. 689.

A judgment not supported by the pleadings is as fatally defective as if not sustained by verdict or findings. Munday v. Vail, 34 N. J. L. 418; Reynolds v. Stockton, 43 N. J. Eq. 211 ;Black on Judgments, vol. 1, sec. 183; Hoover v. Binkley, 51 S. W. 73; Stearns Ranchos Co. v. McDowell, 134 Cal. 562, 66 Pac. 724; Breckenridge Merc. Co. v. Bailif, 16 Colo. App. 554; Burns, etc., L. Co. v. Doyle, 71

Conn. 742, 43 Atl. 483; 71 Am. St. R. 235; Jackson v. Miles, 94 Ga. 484, 19 S. W. 708; American Fur. Co. v. Batesville, 35 N. E. 682; W. W. Kendall Boot Co. v. Davenport, 65 Pac. 688; State v. St. Paul, 52 La. Ann. 1039, 27 So. 571; McGregor v. J. C. Ware Constr. Co., 188 Mo. 611, 87 S. W. 981; State v. Haverly, 62 Neb. 767, 87 N. W. 959; Badaracco v. Badaracco, 10 N. M. 761, 65 Pac. 153; Husted v. VanNess, 158 N. Y. 104, 52 N. E. 645; Wilson v. Taylor, 98 N. C. 275, 3 S. W. 492; Seiberling v. Mortinson, 10 S. D. 644, 65 N. W. 202; Thompson v. Keck Mfg. Co., 107 Tenn. 451, 64 S. W. 709; Paris 1st Baptist Church v. Fort, 93 Tex. 215, 54 S. W. 892, 49 L. R. A. 617; Seamster v. Blackstock, 83 Va. 232, 2 S. E. 36, 5 Am. St. R. 262; Magnuson v. Clithero, 101 Wis. 551, 77 N. W. 882; Reynolds v. Stockton, 140 U. S. 254, 35 L. Ed. 464.

Relator was entitled to a writ of mandaums as she was discharged and did not resign. High on Extra. Remedies, page 263; Merrill on Mandamus, 140; 35 Cyc. 1094; Gilman v. Bassett, 33 Conn. 298; Morley v. Power, 73 Tenn. 691; Brown v. Owen, 23 So. 35; Whitman v. Owen, 25 So. 669; People v. Van Sicklen, 43 Hun. 540.

Defendant had no right to discharge relator upon the findings of this case if the pleadings were sufficient to raise the question of the right to discharge. C. L. 1884, secs. 1108 and 1110; C. L. 1897, secs. 1534-35; Laws of 1907, chap. 97; Arnold v. School District, 78 Mo. 276; Kings Lake D. & L. District v. Jamison, 75 So. 679, 176 Mo. 557; Biggs v. School City, etc., 90 N. E. 105; Carver v. School District, 113 Mich. 524; 2 How. Stat., par. 5155; Thompson v. Gibbs, 34 L. R. A. 548; Laws 1901, ch. 43, sec. 5; Wallace v. School District, 69 N. W. 772; School City of Lafayette v. Bloom, 46 N. E. 1016.

Relator could not be discharged without a competent and sufficient hearing, which was not given her. Thompson v. Gibbs, 34 L. R. A. 548; Wheatley v. Division Bd. of Education, 139 S. W. 969; Freemont County v. Shuck., 113 Pac. 511.

ALFRED RUIZ, Gallup, N. M.; GEO. S. KLOCK, Albuquerque, N. M., for appellee.

· The relator was properly discharged and in accordance with the terms of the contract. C. L. 1897, page 830; Armstrong v. School District, 28 Kans. 345; School District v. Colvin, 10 Kans. 284; ·Scott v. School District, 8 N. W. 399; Am. & Eng. Enc., vol. 25, 19, (2 Ed.) ; Tripp v. School District, 50 Wis. 651; Loehr v. Board of Education, 108 Pac. 327; Harby v. Board of Education, 83 Pac. ·1082; State, ex rel. Lewellen, v. Smith, et al., 69 N. W. 115; School District v. Maury, 53 Ark. 471; Steinson v. Board of Education, 165 N. Y. App. 431.

After appellant had tendered her resignation and the same had been accepted by the Board, she could not withdraw it. Mimack v. U. S., 97 U. S. 426; A. & E. Enc. Law, (2 Ed.) vol. 21, 848-9.

Appellant cannot resort to mandamus in this case. Kennedy v. Board of Education, 82 Cal. 483, 22 Pac. 49; Miller v. Harvey, 215 Pa. St. 104; Burton v. Fulton, 49 Pa. St. 154; C. L. 1897, sec. 2760.

The appeal in this case should be dismissed. Englehart, 17 N. M. 299; C. R. & P. Ry. Co. v. Dey, 76 Iowa 281, 41 N. W. 18.

## OPINION OF THE COURT.

PARKER, J.—This is a proceeding in mandamus on the relation of appellant, who was a school teacher employed to teach in the public schools of Gallup, in McKinley County. There was a written contract of employment in the usual form, and which also contained the following provision:

"It is further understood that the Board may remove you at any time, upon thirty days' written notice, should your work or conduct be unsatisfactory to said Board, and you shall then be entitled to such installments as are due up to the date on which such removal takes effect."

Relator entered upon her duties as such teacher on September 4th, 1911, and continued therein until the 12th

day of January ,1912. Between September 4th, 1911, and December 12, 1911, friction and difficulty arose between relator and the principal of the schools. On December 12, 1911, the relator was requested to meet with the Board for the purpose of discussing the situation then present in the school. The relator met with the Board, and a complaint in writing, filed against her by the principal of the school, was read to her, and the matters therein contained were discussed at length by the parties. At said meeting the Board decided, after due consideration had upon the complaint and the answer of relator, to request relator's resignation, which was done in writing. On the following day relator tendered her resignation in writing, to become effective January 12, 1912. The District Court found that under the circumstances the resignation was not a voluntary resignation, and that the transaction between the Board and the relator amounted to a discharge of her. The court found that the relator was removed as such teacher pursuant to the provision of the contract heretofore quoted, and that the Board had the right, under said contract, to request the relator's resignation or to discharge her.

The basis for the action of the Board in removing the relator is disclosed by its letter requesting her resignation, which is as follows:

"After due consideration of all the evidence before the Board, both pro and con, it was decided that it would not be to the best interests of the school for you to retain your present position. The lack of harmony on the corps, and the feeling that exists between you and Mr. Twining, (the principal), would be a prevailing feature that would menace the good government of the school."

It appears that the Board had no complaint of relator as a teacher, or as a most worthy woman. The difficulty all arose out of the strained relations between relator and the principal, to whose orders she was subject, and which were of such a character and extent as to endanger the discipline, good order and welfare of the school. Under these circumstances the Board removed the relator, and

she brought mandamus to be reinstated. The District Court denied the relief and dismissed the proceeding, and the relator appealed.

A fundamental error lurks in the argument of counsel for appellant, to the effect that mandamus can be maintained under the circumstances in this case. It is a general principle of universal application that mandamus is not an available remedy for enforcement of contract rights, because there is another adequate remedy in the ordinary course of law, in the form of an action for damages. High Ex. Leg. Rem. (3rd ed.), sec. 25; 25 A. & E. Ency. of Law, (2nd ed.) 20; 26 Cyc. 163, 164.

Even under the Common Law Procedure Act of Great Britain, of 1854, which greatly broadened the scope of the remedy ,mandamus is still not there available for the enforcement of contractual rights. The reasons for the construction of the act are clearly pointed out by Lord Campbell, C. J., in Benson v. Paull, 6 El. & Bl., 273, 119 Eng. Rep. 865.

The principle mentioned is specifically applied to a case of this kind in State v. Smith, 49 Neb. 755, and in Board of Education v. State, 100 Wis. 455.

It is only where the teacher, by positive provision of law, has a fixed tenure of office, or can be removed only in a certain prescribed manner, and where, consequently, it is the plain ministerial duty of a school board to retain him, that mandamus can be maintained. This was the condition of affairs in all of the cases relied upon by counsel for appellant. Thus in Gilman v. Bassette, 33 Conn. 298, the teacher was restored to her position by mandamus because the governing body of the school had so ordered and the order was disobeyed by an inferior committee. So in Morley v. Power, 73 Tenn. (5 Lea.) 691, the court held that by reason of the terms of the statute a teacher could be removed only for certain causes named, and that none of these causes existed, the defense being in the case, that the teacher had never been elected. In People v. Van Sicklen, 43 Hun. 537, the teacher had not been removed, but was excluded from the school by reason of a

rule of the school officers to the effect that only two teachers could be employed, and there were already two teachers who were senior in rank to her. Her rights to hold the place were expressly provided for by statute, and no removal had been attempted. The court, consequently, held that mandamus was a proper remedy. In Brown v. Owen, 23 So. 35, the holder of a first grade state license was selected by a school district to teach for the ensuing year, which selection was certified to the county superintendent. The superintendent refused to enter into a contract with him, as required by the statute, and he brought mandamus. The court held that the superintendent had no discretion and was compelled by mandamus to enter into the contract with the teacher.

A leading case on this subject is Kennedy v. Board of Education, 22 Pac. 1042. It appears that in California, by reason of the terms of their statute, the holders of city certificates, when elected, can be dismissed only for violation of the rules of the Board of Education, or for incompetency, unprofessional or immoral conduct. As construed by the courts there, after having been once elected to teach in a city in California, in case the term for which the teacher is not specified in the contract, a right to hold the place indefinitely, unless removed for the causes mentioned in the statute. The plaintiff in the case cited had not been removed for any of the causes mentioned in the statute, but was transferred to a school of lower grade and had a lower compensation. The court held that the transfer to a lower grade of school was a removal within the meaning of the statute, and that mandamus would lie to reinstate her in a school of the proper grade. By reason of the terms of the statute, the court held that a teacher once elected acquired a right of continuing and permanent character in the nature of an office, and that, consequently, there was a lack of power in the school officers to remove her. The court clearly points out that it is only by reason of the terms of the statute that they hold mandamus to be an available remedy. In discussing

another section than the one under which the right to hold the place is held to exist, the court says:

"Therefore, if this section stood alone, we might consistently hold that the teacher became, by such employment, an employe, in the ordinary sense of the term; that her right to the position must depend upon her contract, and that alone; and that the only restraint upon the right of the board to dismiss her or remove her would rest in the contract, and a violation of such contract would only entitle her to an action for damages, and not to mandamus, to be restored to her place. This section contains no limitation as to the time for which a board of education in a city may employ a teacher. There is such a limitation, but it is confined in terms to boards of trustees. Therefore, such board of education may, under this section, employ a teacher for 1 year or 10, or for an indefinite time, as, for example, during the competency or good behavior of the teacher employed. But we have another section, forming a part of the same statute, bearing directly upon the question; and the two must be construed together."

Then follows a quotation and discussion of the section under which the holding in the case is made. The court further says:

"The writ of mandamus may issue in this state 'to compel the admission of a party to the use and enjoyment of a right or office to which he is entitled, and from which he is unlawfully precluded.' Code Civil Procedure, section 1085. It may be conceded that a right to hold the position of teacher in the public schools would not be a 'right' within the meaning of this section, if such right depended solely upon a contract with the board of education, and the term for which such position should be held were not fixed by the statute. But such is not the case. As we have seen, the term for which the respondent was entitled to hold her position was not fixed by any contract with appellant. The duration of her term of service is fixed by the statute; and her removal from it was not merely a violation of a contract, but of an express provision of law forbidding such removal. Although her right to take the position depended

upon the act of appellant, the right to continue in it was preserved to her by the statute; and to take it from her was to deprive her of a right given her by law, and to which she has a right to be restored by mandamus."

The distinction above pointed out between cases where the relation between the teacher and the school officers rests in contract and those where the relation rests in positive law, is thus clearly pointed out in the California case, and furnishes a ground for the refusal of mandamus in the one case and the granting of it in the other.

Counsel for appellant seek to draw from our statutes a conclusion which we cannot adopt. No provision in our statutes has been pointed out which would authorize the holding that a teacher in the public schools of this state has any tenure of office otherwise than as provided by the contract which he makes with the school officers. In the absence of some controlling provision of law, we know of no reason to build up around school officers any restrictions as to the form of contracts which they may make with the school teachers, or any restrictions upon their powers of removal.

That in the absence of some controlling provision of law, the authority to employ includes the power to dismiss, see,

> 25 A. & E. Ency. of Law, (2nd ed.) 19;
> People v. Hyde, 89 N. Y. 11;
> Wallace v. School District, 50 Neb. 171;
> Loehr v. Board of Education, 108 Pac. 327;
> Harby v. Board of Education, 83 Pac. 1082.

This is especially so where the right is specifically reserved in the contract as in this case.

The cases relied upon by counsel for appellant for the contrary doctrine, are all cases discussing the rightfulness or wrongfulness of the dismissal of the teacher, and arose upon actions for damages for breach of the contract or injunctions, and turned upon the statutory provisions of the particular jurisdiction. That is not the question in this case. The question here is whether the Board had the

power which it attempted to exercise, and we hold that it had.

The suggestion that section 5 of chapter 43, laws 1901, providing for the dismissal of teachers affected with tuberculosis is exclusive, and prevents dismissal for other reasons, is without merit, as is the suggestion that the relator had no hearing.

It follows, from what has been said, that the judgment of the District Court was correct, and should be affirmed, and it is so ordered.

### SYLLABUS (BY THE COURT)

