*414
 
 Weygandt, C. J.
 

 The facts and the single question here involved are simple.
 

 The relator is the holder of a life certificate licensing; him to teach in the elementary grades of any public-school in the state of Ohio. This controversy arises by reason of the single fact that this township school district has fewer than eigfit hundred pupils.
 

 The relator has served continuously for two two-year periods in the employ of the respondent board of education. On June 8,1948, he was notified that he would not be-re-employed.
 

 The relator contends that under the provisions of Section 4842-8, General Code, he was automatically reemployed for a period of five years by reason of the failure of the respondent to give him this notice on or before March 31st of that year.
 

 The respondent concedes the requirements of this section of the General Code but insists that they are not applicable to a school district having fewer than eight hundred pupils.
 

 The pertinent part of the statute reads as follows:
 

 “Any teacher employed under a limited contract shall at the expiration of such limited contract be deemed re-employed under the provisions of this act at the same salary plus any increment provided by the-salary schedule unless the employing board shall give such teacher written notice on or before the thirty-first day of March of its intention not to reemploy him. Such teacher shall be presumed to have-accepted such employment unless he shall notify the-board of education in writing to the contrary on or before the first day of June, and a contract for the-succeeding school year shall be executed accordingly. Provided, however, that in school districts of under-eight hundred pupils, the following contract system, shall control:
 

 
 *415
 
 “a. Beginning teachers, who have not previously .‘been employed as a teacher in any school, shall be .hired for one year.
 

 “b. New teachers, who have had at least one year’s ■ experience as teachers in other schools, shall be employed for a period of time commensurate with their past experience at the discretion of the hiring board ■of education, provided that no such contract shall be .for more than five years.
 

 “c. Upon re-employment after the termination of the first contract, the new contract shall be for not less than two years nor more than five years provided that the teacher’s educational qualifications have been fulfilled and the teacher’s work has been satisfactory.
 

 “d. Upon re-employment after the termination of the second contract, the teacher’s contract shall be for .five years and subsequent renewal thereof shall be for five-year periods, or the board of education may at any time grant a continuing contract.”
 

 The respondent contends that the lettered paragraphs of the section provide a separate, complete and unrelated plan for the employment of teachers in school districts having fewer than eight hundred pupils.
 

 A careful study of the quoted language together with the context has convinced this court that these paragraphs are an integral part of the section and relate to the matter of
 
 term
 
 alone. No mention is made concerning an exception to the earlier unambiguous provision that
 
 “any
 
 teacher employed under a limited ■ contract shall at the expiration of such limited contract be deemed re-employed under the provisions of
 
 this act
 
 * * # unless the employing board shall give such teacher written notice ou or before the thirty-first • day of March of its intention not to re-employ him.” .(Italics supplied.)
 

 
 *416
 
 Hence, it appears that as to the matter of the date of such notice no distinction is made between large and small school districts.
 

 The cases of
 
 State, ex rel. Bishop,
 
 v.
 
 Board of Edn. of Mt. Orab Village School Dist.,
 
 139 Ohio St., 427, 40 N. E. (2d), 913,
 
 State, ex rel. Thurston, v. Board of Edn. of Wheelersburg Rural School Dist.,
 
 140 Ohio St., 512, 45 N. E. (2d), 604, and
 
 State, ex rel. Rutherford, v. Barberton Board of Edn.,
 
 148 Ohio St., 242, 74 N. E. (2d), 246, are cited. Although the precise question was not involved in any of them, it is at least interesting to note that in none of the cases was there an intimation of a distinction between large and small districts so far as the general re-employment features, of the act are concerned.
 

 This court is of the view that the Court of Appeals was not in error in allowing the writ of mandamus requiring the respondent board of education to re-employ the relator in conformity with the requirements of Section 4842-8, General Code. The judgment is affirmed.
 

 Judgment affirmed.
 

 Matthias, Hart, Zimmerman, Stewart, Turner and Taft, JJ., concur.