GORDON L. ANDREWS *v.* CITY OF NEW HAVEN ET AL.

KING, C. J., MURPHY, ALCORN, SHANNON and HOUSE, Js.

Argued October 8—decided November 24, 1965

*Thomas D. Clifford,* for the appellant (plaintiff).

*Thomas F. Keyes, Jr.,* assistant corporation counsel, with whom, on the brief, was *A. Frederick Mignone,* corporation counsel, for the appellees (defendants).

MURPHY, J. The plaintiff sought a writ of mandamus to compel his return to the New Haven police department as a patrolman. The defendants are the city of New Haven, its mayor, the members of the

board of police commissioners, the members of the civil service board, the chief and the assistant chief of police, the city controller, the city treasurer and the clerk of the police board. The court concluded that the plaintiff had never been appointed as a member of the permanent police force and denied the writ. The plaintiff has appealed.

The complaint has been couched in language which does not allege the appointment of the plaintiff as a permanent member of the police force. It only alleges his appointment as a supernumerary policeman or probationary patrolman and his dismissal from that position. Had the defendants required the plaintiff to make his complaint more specific in respect to the status which would entitle him to the relief sought, the sufficiency of the alleged cause of action could have been decided upon demurrer without the necessity of the lengthy trial which resulted because of the manner in which the case was pleaded. Practice Book § 466. Mandamus is not available unless the plaintiff has a clear legal right to compel performance of the act sought. *State ex rel. Levy* v. *Pallotti,* 133 Conn. 334, 342, 51 A.2d 136; *State ex rel. Donahue* v. *Holbrook,* 136 Conn. 691, 693, 73 A.2d 924.

Since 1899, all appointments and promotions in the police service in New Haven have been subject to the rules of the civil service board as well as those adopted by the board of police commissioners. New Haven Charter §§ 127, 202 (1952); 13 Spec. Laws 404 § 47, 422 § 118; see also *Thompson* v. *Troup,* 74 Conn. 121, 122, 49 A. 907; *McAdams* v. *Barbieri,* 143 Conn. 405, 414, 123 A.2d 182.

In September, 1960, the plaintiff filed an application with the civil service board for appointment as a supernumerary policeman. Under oath, he

stated that he was five feet ten inches tall and had a high school education, minimum requirements for such appointment. On January 4, 1962, he was certified by the civil service board as being eligible for a supernumerary appointment and on January 8 was appointed a supernumerary policeman and probationary patrolman by the board of police commissioners. In February he reported for a forty-day training program but missed eleven days because of a skin ailment and other physical disabilities. Investigation by the police disclosed that the plaintiff had falsely sworn that he met the minimum height and educational requirements, and on March 28, 1962, the civil service board, as it was authorized to do under its rules, revoked its certification of the plaintiff's eligibility to be a supernumerary policeman or probationary patrolman. On April 2, 1962, the plaintiff was notified of the board's action by the assistant chief of police and that he was no longer to report for duty. On May 17, 1962, the board held a hearing on the plaintiff's plea for reconsideration of his case but did not alter its stand. This action was not instituted until November, 1963.

Section 205 of the New Haven charter provides that any appointment made in violation of charter provisions is null and void. *McAdams* v. *Barbieri,* supra. The plaintiff claims that under §§ 129 and 204 of the charter he could be discharged only by the board of police commissioners and then only after notice and hearing. Before he could take advantage of these sections, however, the plaintiff was required to show that he had received a valid appointment. *State ex rel. Guglielmo* v. *Bergin,* 149 Conn. 631, 639, 183 A.2d 607. Owing to his undeniable and irremedial disqualifications, the civil service board could not legally certify him, and

without such certification the police board could not legally appoint him. Mandamus will issue only on the request of one who has a complete and immediate right. It does not act on a doubtful and disputed right. *State ex rel. Guglielmo* v. *Bergin,* supra, 640. Since the plaintiff failed to show a valid initial appointment, the essentials for the consideration of his claims as to the discharge are lacking.

There is no error.

In this opinion the other judges concurred.