## James O. Joanou *v.* Board of Education of the Town of East Lyme

House, C. J., Shapiro, Loiselle, MacDonald and Bogdanski, Js.

Argued December 6, 1973—decided January 2, 1974

*Robert L. Krechevsky,* with whom was *Martin A. Gould,* for the appellant (plaintiff).

*Richard D. O'Connor,* with whom were *Donald W. Strickland* and, on the brief, *Robert W. Marrion,* for the appellee (defendant).

MacDonald, J. This appeal arises from an unsuccessful attempt by the plaintiff to obtain an injunction restraining the defendant, the board of education of the town of East Lyme, from dismissing him from his position as a nontenured teacher in the public school system of that town.

The finding, which requires no correction despite a wholesale attack,[1] discloses the following facts: The plaintiff, a nontenured employee under § 10-151 of the General Statutes entitled "Employment of teachers. Notice and hearing on termination of contract," was hired as an art teacher under a written contract which expired August 31, 1972. Because of his unsatisfactory work, the plaintiff was not given any increment in salary for the school year 1971–72, and at a meeting on February 7, 1972, of the defendant board of education, attended by all of its members, the superintendent of the East Lyme schools recommended, based upon the poor evaluation of the plaintiff's work by his principal, that the plaintiff not be granted tenure. As a result of this recommendation, the plaintiff's name was crossed off the tenure list with the informal agreement and acquiescence of the board. At an executive session on February 28, 1972, the board formally ratified its action of February 7 by voting to grant continuing contracts to a list of successful candidates, specifically omitting the plaintiff from such list. The superintendent, prior to March 1, 1972, personally delivered to the plaintiff a letter stating that his contract would not be renewed. Thereafter, pursu-

---

[1] Error was assigned to the court's refusal to find as admitted or undisputed the material facts set forth in thirteen paragraphs of the draft finding, to its findings without evidence the facts stated in nine paragraphs of the finding and in reaching the conclusions stated in ten paragraphs thereof. An analysis of these claims indicated that they amount to little more than an attempt to have this court retry the case and displace the trial court as the finder of facts basically dependent upon the evaluation of the credibility of the evidence, a function which, as we repeatedly have stated, we will not perform. *Krattenstein* v. *G. Fox & Co.*, 155 Conn. 609, 611, 236 A.2d 466; *Triano* v. *Brodowy*, 151 Conn. 445, 446, 199 A.2d 164.

ant to a written request by the plaintiff, the superintendent, on March 7, 1972, sent the plaintiff a letter setting forth the reasons why his contract had not been renewed and fixing a date for a hearing before the board, as requested by the plaintiff. At the hearing the plaintiff had every opportunity to present evidence and to be represented by counsel and thereafter, having considered the evidence, the board voted not to renew the plaintiff's contract and so advised him by letter dated April 14, 1972.

As a result of the foregoing events, the plaintiff brought this action against the defendant board alleging, inter alia, that improper procedure under § 10-151 had been followed in that his dismissal and notification thereof had been by the superintendent rather than by the board and that it was, therefore, illegal and void, and claiming a temporary and permanent injunction restraining the board from dismissing him "without complying with the General Statutes of Connecticut." The trial court concluded that the proper statutory procedure had been followed, and denied the injunctive relief sought. We find no error in that conclusion.

Section 10-151 (a), the relevant portion of what is commonly referred to as the Teacher Tenure Act, imposes three procedural requirements upon a board of education in order properly to decline to renew the contract of a nontenured teacher: (1) the teacher must receive notification prior to March 1 that his contract will not be renewed for the coming school year, (2) the teacher must be furnished, upon request, with a written statement of reasons for the nonrenewal and (3) the teacher must be granted a prompt hearing before the board with counsel of his

own choice.[2]  We find that there has been compliance with these procedural requirements.

The statute says nothing about the form of the notice, or who shall sign or transmit it and since the plaintiff admits receipt of written notification prior to March 1, 1972, and fully participated in the hearing on the merits of his dismissal, his claims of statutory impropriety are without merit.  "A town board of education is an agency of the state in charge of education in the town, and broad powers are granted it by the legislature to that end." *Fowler* v. *Enfield,* 138 Conn. 521, 530, 86 A.2d 662; *Board of Education* v. *Ellington,* 151 Conn. 1, 6, 193 A.2d 466.  The plaintiff, making rather strained claims of technical procedural irregularities, has failed to establish that the procedure followed by the defendant board was in any way irregular or improper.

There is no error.

In this opinion the other judges concurred.

---

[2] The portion of § 10-151 (a) relevant to the contract of a non-tenured teacher provides that "it shall be renewed for a second, third or fourth year unless such teacher has been notified in writing prior to March first in one school year that such contract will not be renewed for the following year, provided, upon the teacher's written request, such notice shall be supplemented within five days after receipt of such request by a statement of the reason or reasons for such failure to renew.  Such teacher may, upon written request filed with the board of education within ten days after the receipt of such notice, be entitled to a hearing before the board to be held within fifteen days of such request.  The teacher shall have the right to appear with counsel of his choice at such hearing."