SUSAN LIGHT *v.* BOARD OF EDUCATION OF THE TOWN OF LEBANON

HOUSE, C. J., COTTER, LOISELLE, BOGDANSKI and MACDONALD, Js.

Argued October 16—decision released December 23, 1975

*Martin A. Gould,* for the appellant (plaintiff).

*Thomas N. Sullivan,* for the appellee (defendant).

Cotter, J.  The plaintiff, a nontenured teacher, sought, inter alia, a writ of mandamus ordering that she be retained as a certified employee of the defendant board of education.  She claimed that the defendant's nonrenewal of her contract was in violation of the provisions of General Statutes § 10-151 and her due process rights.  The defendant filed a demurrer to these two counts of the complaint, which the trial court overruled, and to the plaintiff's prayer for a writ of mandamus, which the court sustained.  The plaintiff did not plead over and, on motion of the defendant, judgment was entered in its favor, from which the plaintiff appealed.

Although the plaintiff in her prayer for relief sought in addition to mandamus reimbursement for lost salaries and "[s]uch other appropriate relief as the court may deem proper," she did not pursue such remedies but chose, in not continuing with her cause of action, to rely solely on whether a writ of mandamus was proper, which issue is her only assignment of error.  She alleged, inter alia, that the defendant failed "to renew her contract" to

teach in the town of Lebanon and that, although she was given a hearing by the board of education, she was not afforded her statutory and constitutional rights. She did not seek a declaratory judgment that her nonrenewal was illegal, nor did she seek to enjoin the board from terminating her contract of employment. Instead, the only specific remedies she sought were a writ of mandamus to compel the board to reinstate her, as well as reimbursement for lost salaries.

Since the plaintiff chose not to plead further after the demurrer to her prayer for mandamus was sustained, and judgment, as entered, was required for the defendant, *Leger* v. *Kelley,* 142 Conn. 585, 587, 116 A.2d 429, we are limited to deciding solely whether the trial court erred in sustaining the demurrer, Maltbie, Conn. App. Proc. § 13; *Stamford Dock & Realty Corporation* v. *Stamford,* 124 Conn. 341, 342 n.1, 200 A. 343. The demurrer in this case tests whether the allegations of the complaint state a good cause of action for mandamus. *Senior* v. *Hope,* 156 Conn. 92, 96, 239 A.2d 486.

A "writ of mandamus is an extraordinary remedy to be applied only under exceptional conditions, and is not to be extended beyond its well-established limits." *Raslavsky* v. *Moore,* 167 Conn. 363, 367, 355 A.2d 272, citing *Lahiff* v. *St. Joseph's Total Abstinence Society,* 76 Conn. 648, 651, 57 A. 692, and *Chatfield Co.* v. *Reeves,* 87 Conn. 63, 64, 86 A. 750; *Milford Education Assn.* v. *Board of Education,* 167 Conn. 513, 518, 356 A.2d 109. See *Marbury* v. *Madison,* 5 U.S. (1 Cranch) 137, 2 L. Ed. 60. "The writ of mandamus is designed to enforce a plain positive duty, upon the relation of one who has a clear legal right to have

it performed, and where there is no other adequate legal remedy." *Milford Education Assn.* v. *Board of Education,* supra, 518, citing *State* v. *New Haven & Northampton Co.,* 45 Conn. 331, 343. Consequently, a writ of mandamus will not lie to direct performance of an act requiring the exercise of a public officer's judgment or discretion, *Waterbury Teachers Assn.* v. *Furlong,* 162 Conn. 390, 414, 294 A.2d 546; *Ballas* v. *Woodin,* 155 Conn. 283, 284, 231 A.2d 273; *Boyko* v. *Weiss,* 147 Conn. 183, 186, 158 A.2d 253; *State ex rel. Scala* v. *Airport Commission,* 154 Conn. 168, 176, 224 A.2d 236; *State ex rel. Gold* v. *Usher,* 138 Conn. 323, 326, 84 A.2d 276, nor will it lie to review a discretionary action of a public officer or board and compel a different course of action, *Simmons* v. *Budds,* 165 Conn. 507, 516, 338 A.2d 479; *Hannifan* v. *Sachs,* 150 Conn. 162, 167, 187 A.2d 253; *State ex rel. Heimov* v. *Thomson,* 131 Conn. 8, 12, 37 A.2d 689. Thus, use of mandamus "is justified only when necessary to supplement the deficiencies of ordinary legal processes" and when "the aggrieved party has no adequate remedy either at law or in equity," *Milford Education Assn.* v. *Board of Education,* supra, 519, citing *State ex rel. Howard* v. *Hartford Street Ry. Co.,* 76 Conn. 174, 184, 56 A. 506, and *Bassett* v. *Atwater,* 65 Conn. 355, 32 A. 937.

In an action for mandamus, the aggrieved party has the burden of proving deprivation of a "clear legal right," *Simmons* v. *Budds,* supra; *Waterbury Teachers Assn.* v. *Furlong,* supra; *Boyko* v. *Weiss,* supra, and in the instant case the plaintiff has failed to meet that burden. The defendant board of education is charged with the duty of employing and dismissing teachers, General Statutes § 10-220, in accordance with the procedures established by Gen-

eral Statutes § 10-151.[1] The plaintiff contends that the alleged violation of this statute in not renewing her contract means that she has a "clear legal right" to reinstatement by a writ of mandamus. We cannot agree.[2]

It has been recognized that matters concerning the employment of teachers require the board of education to exercise a broad discretion which will not be interfered with by mandamus. 52 Am. Jur.

---

[1] General Statutes § 10-151 (a) reads in relevant part: "The contract of employment of a teacher shall be in writing and may be terminated at any time for any of the reasons enumerated in subdivisions (1) to (6), inclusive, of subsection (b) of this section, but otherwise it shall be renewed for a second, third or fourth year unless such teacher has been notified in writing prior to March first in one school year that such contract will not be renewed for the following year, provided, upon the teacher's written request, such notice shall be supplemented within five days after receipt of such request by a statement of the reason or reasons for such failure to renew. Such teacher may, upon written request filed with the board of education within ten days after the receipt of such notice, be entitled to a hearing before the board to be held within fifteen days of such request. The teacher shall have the right to appear with counsel of his choice at such hearing." See *Joanou* v. *Board of Education,* 165 Conn. 671, 673–74, 345 A.2d 46; see also *Ames* v. *Board of Education,* 167 Conn. 444, 356 A.2d 100.

[2] The necessity for assuring procedural rights in administrative hearings has been recognized by this court on former occasions. At the time this controversy arose, a full hearing was required by the Uniform Administrative Procedure Act (UAPA), General Statutes § 4-166 et seq., which guarantees a person such as the plaintiff a host of procedural due process rights, including notice, General Statutes § 4-177, and the right to cross-examine witnesses, General Statutes § 4-178 (3). *Murphy* v. *Berlin Board of Education,* 167 Conn. 368, 355 A.2d 265. *Murphy* v. *Berlin Board of Education* held that the UAPA applied to contested cases before local boards of education since these boards "serve as agents of the state in their communities," id., 374; see *West Hartford Education Assn., Inc.* v. *DeCourcy,* 162 Conn. 566, 573, 295 A.2d 526, and are thus a state "agency" under General Statutes § 4-166 (1), subject to the dictates of the UAPA. Since that decision was handed down, however, the legislature has specifically exempted town and regional boards of education from the ambit of the UAPA. 1975 Public Act 75-529.

2d, Mandamus, § 241. The board of education is called upon to review the teacher's record and qualifications and to make the decision on this basis. Plainly, that sort of review requires exercise of discretion and is not a purely ministerial act. See, e.g., *State ex rel. Scala* v. *Airport Commission,* supra; *Boyko* v. *Weiss,* supra. As this court recently stated, when considering renewal of an employment contract, a board of education is an administrative agency, acting in a quasi-judicial capacity. *Miller* v. *Board of Education,* 166 Conn. 189, 191, 348 A.2d 584. As such, it exercises discretion in weighing evidence, judging credibility of witnesses, finding facts and making conclusions. *Conley* v. *Board of Education,* 143 Conn. 488, 492, 123 A.2d 747. Thus, the decision to renew a contract of a nontenured teacher is one which calls for the exercise of judgment and discretion by the board. For these reasons, a writ of mandamus to compel reinstatement is not available "to enforce a contract even though its performance necessarily devolves on a public official." *Milford Education Assn.* v. *Board of Education,* supra, 519. A writ of mandamus will not issue to enforce a right or duty arising out of a contract for in such a case the party usually has an adequate legal remedy and this court among others has steadily refused to extend this remedy into the domain of contract rights. Id., 520; *Chatfield Co.* v. *Reeves,* supra; *Hannifan* v. *Sachs,* supra; *Andrews* v. *New Haven,* 153 Conn. 156, 159, 215 A.2d 102; *Porter* v. *Bloomsburg State College,* 450 Pa. 375, 301 A.2d 621, cert. denied, 414 U.S. 844, 94 S. Ct. 105, 38 L. Ed. 2d 82; *Taylor* v. *Marshall,* 12 Cal. App. 549, 107 P. 1012; *Jackson* v. *Board of Trustees of Junior College District No. 530,* 22 Ill. App. 3d 898, 317 N.E.2d 318; *State ex rel. Sittler*

v. *Board of Education of the Town of Gallup,* 18
N.M. 183, 135 P. 96; *McDonald* v. *Stockton Metro-
politan Transit District,* 36 Cal. App. 3d 436, 111
Cal. Rptr. 637; *Tevis* v. *City and County of San
Francisco,* 43 Cal. 2d 190, 272 P.2d 757; *Parrotta*
v. *Hederson,* 315 Mass. 416, 53 N.E.2d 97; *Jones* v.
*House of Reformation,* 176 Md. 43, 3 A.2d 728;
*Waxenbaum* v. *Seward Park Housing Corporation,*
24 Misc. 2d 35, 201 N.Y.S.2d 849; *Strank* v. *Mercy
Hospital of Johnstown,* 376 Pa. 305, 102 A.2d 170;
*State ex rel. Burg* v. *Milwaukee Medical College,*
128 Wis. 7, 106 N.W. 116; 52 Am. Jur. 2d, Manda-
mus, § 69; 55 C.J.S., Mandamus, § 56. If the plain-
tiff was denied a proper hearing to which she had a
clear legal right, mandamus would lie to compel the
board to hold a hearing in conformity with the stat-
utes, but not to compel reinstatement. She has not
asked for a new or proper hearing by means of
mandamus but only for reinstatement, a remedy for
which mandamus will not lie under the circum-
stances of this case.

As we said in the recent *Milford Education Assn.*
v. *Board of Education* case, enforcement of teachers'
contract rights "could easily have been attained in a
simple action for breach of contract or by an action
for a declaratory judgment and consequential relief.
Practice Book §§ 307–313; *New Haven Water Co.* v.
*New Haven,* 131 Conn. 456, 464, 40 A.2d 763. The
existence of such clear alternative and adequate
remedies at law precludes the use of mandamus in
such a case as this." Id., 520. See also *State ex rel.
Golembeske* v. *White,* 168 Conn. 278, 362 A.2d 1354;
*Huggins* v. *Mulvey,* 160 Conn. 559, 560, 280 A.2d
364; *Basney* v. *Sachs,* 132 Conn. 207, 209, 43 A.2d
449; *State ex rel. Heimov* v. *Thomson,* supra, 13;
*State ex rel. Foote* v. *Bartholomew,* 103 Conn. 607,

618, 132 A. 30; *Atwood* v. *Partree,* 56 Conn. 80, 83, 14 A. 85; *Wheeler* v. *Bedford,* 54 Conn. 244, 249, 7 A. 22; *Asylum* v. *Phoenix Bank,* 4 Conn. 172, 178.

For these reasons, we conclude that the plaintiff did not lack an adequate remedy short of mandamus to correct an alleged improper termination of her employment contract. *Milford Education Assn.* v. *Board of Education,* 167 Conn. 513, 519, 356 A.2d 109.

The decision of the trial court sustaining the defendant's demurrer as to the prayer for a writ of mandamus cannot be disturbed.

There is no error.

In this opinion HOUSE, C. J., LOISELLE and MAC-DONALD, Js., concurred.

BOGDANSKI, J. (dissenting). I do not agree that the trial court properly sustained the demurrer to the prayer for a writ of mandamus.

The issuance of a writ of mandamus rests in the sound discretion of the trial court exercised in accordance with recognized principles of law. *State ex rel. Donahue* v. *Holbrook,* 136 Conn. 691, 693, 73 A.2d 924. The writ may properly issue when a plaintiff has a clear legal right to compel the performance of a purely ministerial act and when the plaintiff is without other adequate remedies. See, e.g., *Cleary* v. *Zoning Board,* 153 Conn. 513, 518, 218 A.2d 523; *Andrews* v. *New Haven,* 153 Conn. 156, 159, 215 A.2d 102. In the present case, the complaint alleged that the defendant board of education failed to follow the procedural requirements of General Statutes § 10-151 in attempting to remove the

plaintiff from her position. If that allegation is in fact true, then the plaintiff was denied a clear legal right to have her contract renewed.

As agencies of the state, the only powers possessed by boards of education are those granted to them by the General Statutes. *Herzig* v. *Board of Education,* 152 Conn. 144, 150, 204 A.2d 827; *Fowler* v. *Enfield,* 138 Conn. 521, 530, 86 A.2d 662. The method by which a board of education may properly decline to renew the contract of a nontenured teacher is set out in § 10-151 (a) of the General Statutes. Three procedural requirements are there established: (1) the board must give the teacher written notification, prior to March 1 of any year, that the contract will not be renewed; (2) within five days after receipt of the teacher's request, the board must furnish the teacher with the reasons for a failure to renew; and (3) the board must grant a hearing which must be held within fifteen days of the teacher's timely request therefor. *Joanou* v. *Board of Education,* 165 Conn. 671, 673–74, 345 A.2d 46.

Statutes such as § 10-151 (a), which create a special procedure for the protection of personal rights, must be strictly followed. See *Tempe Union High School District* v. *Hopkins,* 76 Ariz. 228, 262 P.2d 387; *Fresno City High School District* v. *DeCaristo,* 33 Cal. App. 2d 666, 92 P.2d 668. The instant statute explicitly states that a nontenured teacher's contract of employment "*shall* be renewed for a second, third or fourth year," unless the procedural requirements are complied with. (Emphasis supplied.) General Statutes § 10-151 (a). " '[T]he legislature has said in effect that the board "cannot" discharge a probationary teacher except in the mode

and manner specified.'" *Comstock* v. *Board of Trustees,* 35 Cal. App. 2d 466, 471, 95 P.2d 969. See *Tempe Union High School District* v. *Hopkins,* supra; *Blalock* v. *Ridgway,* 92 Cal. App. 132, 136, 267 P. 713. By the terms of § 10-151 (a), if a board of education fails to provide notice or a proper hearing to a teacher whose contract it intends not to renew, the teacher has a clear legal right to have the contract renewed.

The action which the plaintiff is attempting to require the board to take involves no exercise of discretion. Although the decision of *whether* to renew a contract of a nontenured teacher is a matter of discretion for the board, the procedure to be followed in the implementation of the exercise of that discretion has been mandated by the legislature. The board has no discretion whether or not to follow that mandate. If the statutory procedure is not followed, the teacher's contract must be renewed.

The majority have concluded that the plaintiff did not lack adequate alternative remedies. In order to preclude relief by mandamus, an alternative remedy must be adapted to secure the desired result effectively and completely. *State ex rel. Eastern Color Printing Co.* v. *Jenks,* 150 Conn. 444, 451, 190 A.2d 591; *State ex rel. Foote* v. *Bartholomew,* 103 Conn. 607, 618, 132 A. 30. If the allegations of the complaint were shown to be true, and the plaintiff was thus entitled to have her contract renewed pursuant to § 10-151 (a), then the only effective and complete method of enforcing that statutory entitlement would be to require the board of education to renew the contract. An action for damages sounding in contract could not accomplish that result. The procedural safeguards alleged to

have been violated are creatures of statute: they do not spring from the plaintiff's contract. Mandamus may lie in such a case. See *Thompson* v. *Troup*, 74 Conn. 121, 49 A. 907; *Gilman* v. *Bassett*, 33 Conn. 298. By the great weight of authority, it is firmly established that where by positive provision of law, a teacher "can be removed only in some prescribed manner, and where, consequently, the removal is not authorized, mandamus will issue, even though another has been selected to fill the position." 52 Am. Jur. 2d, Mandamus, § 242. See, e.g., *School District No. 6 of Pima County* v. *Barber*, 85 Ariz. 95, 332 P.2d 496; *Horner* v. *Board of Trustees of Excelsior Union High School District*, 61 Cal. 2d 79, 389 P.2d 713; *School City of Elwood* v. *State ex rel. Griffin*, 203 Ind. 626, 180 N.E. 471; *State ex rel. Kennington* v. *Red River Parish School Board*, 193 So. 225 (La. App.); *Cheatham* v. *Smith*, 229 Miss. 803, 92 So. 2d 203; *State ex rel. Foster* v. *Madison Township Board of Education*, 151 Ohio St. 413, 86 N.E.2d 598; *Bragg* v. *School District of Swarthmore*, 337 Pa. 363, 11 A.2d 152; *Cochran* v. *Trussler*, 141 W. Va. 130, 89 S.E.2d 306; *State ex rel. Karnes* v. *Board of Regents of Normal Schools*, 222 Wis. 542, 269 N.W. 284.

For the above reasons, if after a hearing the trial court concluded that the board did not comply with § 10-151 (a), it would not have been precluded from exercising its discretion in favor of the issuance of a writ of mandamus. I would, therefore, set aside the judgment and remand the case with direction to overrule the demurrer as to the prayer for a writ of mandamus.