LYGIA WAY ET AL. *v.* JOSEPH T. GORMLEY, JR., ET AL.

SUPERIOR COURT    NEW HAVEN COUNTY    FILE NO. 152085

Memorandum filed October 3, 1977

*Bennett, Kapusta & Coughlin,* for the plaintiffs.

*Robert E. Beach, Jr.,* assistant state's attorney, for the defendants.

HADDEN, J. This is an action brought by the named plaintiff, hereinafter the plaintiff, on behalf of herself and her minor son seeking a writ of mandamus and other equitable relief. The defendants are Joseph T. Gormley, Jr., the chief state's attorney for the state of Connecticut, and Dennis A. Santore, state's attorney for Litchfield County.

The facts leading up to the institution of this suit are not in dispute. The plaintiff and her husband Frederick Way were divorced in 1974 with the plaintiff receiving custody of their son Terrence who is now ten years of age. Way was awarded custody of another minor son. Since the divorce there have been several occasions when disputes arose between the parents in connection with the custody of or visitation rights with respect to Terrence. Those disputes finally culminated in the events of October 27, 1976, when Way forcibly took Terrence with him while the boy was waiting for a school bus. The boy was taken kicking and screaming. The child was taken to Las Vegas, Nevada, by Way and the plaintiff was forced to institute habeas corpus proceedings in that state to secure the return of Terrence, which was accomplished several weeks after he was taken. He is now living with the plaintiff in New Milford, Connecticut. Way is residing in Las Vegas, Nevada.

Since 1974 Terrence has been receiving psychological counseling from a clinical psychologist, although he has received no such treatment since March 9, 1977, at which time the psychologist felt that he had made reasonable progress.

In November, 1976, a warrant for the arrest of Frederick Way was issued, charging him with custodial interference in the first degree in violation of § 53a-97 of the General Statutes. That warrant is still outstanding and is on file with the New Milford police department. Violation of § 53a-97 is a class D felony which provides for a penalty not to exceed imprisonment of five years and/or a fine not to exceed $5000.

After the warrant was issued the plaintiff requested of both defendants that they institute extradition proceedings to bring Frederick Way back to Connecticut from Nevada to face charges. The defendants have refused to do so and this litigation ensued. The plaintiff is seeking a writ of mandamus ordering the defendants to institute extradition proceedings against Frederick Way. Section 54-179 of the General Statutes deals with the procedure whereby extradition proceedings are initiated by the state's attorney.[1]

The plaintiff is seeking the extraordinary relief of a writ of mandamus. "Mandamus is not available unless the plaintiff has a clear right to compel performance of the act sought. It will issue only on the request of one who has a complete and immediate right. *Andrews* v. *New Haven,* 153 Conn. 156, 159 . . . . 'It is elementary that, while mandamus

[1] "[General Statutes] Sec. 54-179. APPLICATION BY STATE'S ATTORNEY, PAROLE BOARD OR CORRECTION COMMISSIONER FOR RETURN OF ACCUSED. (a) When the return to this state of a person charged with crime in this state is required, the state's attorney shall present to the governor his written application for a requisition for the return of the person charged, in which application shall be stated the name of the person so charged, the crime charged against him, the approximate time, place and circumstances of its commission, the state in which he is believed to be, including the location of the accused therein, at the time the application is made and certifying that, in the opinion of the state's attorney, the ends of justice require the arrest and return of the accused to this state for trial and that the proceeding is not instituted to enforce a private claim."

is available to compel the performance of a purely ministerial act, it will not lie to direct the performance of an act involving the exercise of judgment or discretion. *Sharkiewicz* v. *Smith,* 142 Conn. 410, 413 . . . ; *State ex rel. Lacerenza* v.. *Osborn,* 133 Conn. 530, 534 . . . ; *State ex rel. Heimov* v. *Thomson,* 131 Conn. 8, 12 . . . and cases cited; *State ex rel. Hansen* v. *Schall,* 126 Conn. 536, 543 . . . and cases cited.' *Hannifan* v. *Sachs,* 150 Conn. 162, 167 . . . ." *State ex rel. Scala* v. *Airport Commission,* 154 Conn. 168, 176.

In the opinion of the court § 54-179 clearly imposes upon the state's attorney the responsibility of determining whether to submit an application to the governor requesting extradition of a person charged with a crime in this state. The application must include not only certain factual data but a certification that, *"in the opinion of the state's attorney,* the ends of justice require the arrest and return of the accused to this state for trial . . . ." (Emphasis added.) The words of the statute are clear and unambiguous. They call for the exercise of discretion on the part of the state's attorney. There is no room or need for statutory construction when the intent of the statute is clear. See *United Aircraft Corporation* v. *Fusari,* 163 Conn. 401, 411.

The defendant claims that the word "shall" in the second line of § 54-179 makes the duty of the state's attorney ministerial in nature. Even if one should assume that the use of the word "shall" has that effect in its customary usage, that argument overlooks the introductory language of the statute, "[w]hen the return to this state of a person charged with crime in this state is required . . . ." That language, when read with the portion of the statute requiring a certification that, "in the opinion of the

state's attorney, the ends of justice require the arrest and return of the accused to this state . . . ," makes it clear that a preliminary determination by the state's attorney that the ends of justice require the return of the accused is necessary before the application is submitted to the governor.

The plaintiff alleged in her complaint that the request for extradition was denied because the state's attorney's office has a policy of not extraditing for alleged violations of § 53a-97. In other words, the plaintiff claims that the state's attorney will never extradite for that offense. The evidence does not support that claim. Both Gormley and Santore testified with respect to their handling of requests for extradition generally, and Santore testified in detail about this particular request. It is not necessary in this memorandum to discuss the evidence in detail. It is adequate to say that the court finds that the state's attorney's office does not have a policy of not extraditing for a violation of § 53a-97, and that Santore evaluated all the circumstances surrounding this case and did exercise properly the discretion given to him under the provisions of § 54-179 in determining that extradition was not warranted.

The writ of mandamus is denied.