[EDITOR'S NOTE: This case is unpublished as indicated by the issuing court.] MEMORANDUM OF DECISION RULING ON DEFENDANTS' MOTION FOR SUMMARY JUDGMENT
In this action the plaintiff Waterbury Firefighters Association, Local 1339, seeks a writ of mandamus compelling the defendants Marc Ryan and the Waterbury Financial Planning and Assistance Board ("Board") to reimburse firefighters for monies claimed to be owing to them for their work on Thanksgiving day, November 22, 2001. The City of Waterbury paid the firefighters at the rate of eight hours of regular pay for their shift that day. Local 1339 argues that the City of Waterbury should have CT Page 8768 paid its members at the rate of twelve to fourteen hours per day (holiday pay), in accordance with the terms of the collective bargaining agreement which expired on June 30, 1999, but which the union argues remained in effect by operation of law while the successor contract was being negotiated.
The plaintiff has not made the City of Waterbury a defendant in this action even though it is indisputable that the City is a party to the contract and is legally responsible for discharging the obligations arising under the collective bargaining agreement, including the contractual obligations concerning overtime and holiday pay. The plaintiff contends that its dispute is not with the City, but rather with the defendant Financial Planning and Assistance Board. The plaintiff alleges that, acting in excess of its statutory authority, the Board, and its Chair, Marc Ryan, directed the City not to pay the so-called holiday pay for Thanksgiving, 2001.[1] In its petition for a writ of mandamus, the plaintiff seeks an order compelling the Board and defendant Ryan "to rescind any and all orders or directions which would prevent or hinder the City of Waterbury from issuing the holiday checks". The plaintiff also seeks an order compelling the Board to "order the City of Waterbury to issue the holiday checks to the Union members in amounts which are consistent with the collective bargaining agreement."
The defendants move for summary judgment, claiming that a writ of mandamus cannot enter when the plaintiffs have an adequate remedy at law. The defendants also claim that as a matter of contract interpretation, the plaintiff and its members are not entitled to "holiday pay" for November, 2001.
Because the plaintiff has an adequate legal and equitable remedy, it is not entitled to a writ of mandamus. Accordingly, defendant's motion for summary judgment is granted. Because the defendant's motion is resolved on this ground it is not necessary to consider, and the court does not rule on the defendant's argument that the plaintiff is not entitled to "holiday pay" under the terms of the successor collective bargaining agreement effective December 1, 2001.
The standards governing the issuance of a writ of mandamus are well established.
The writ of mandamus is an extraordinary remedy to be applied only under exceptional conditions, and is not to be extended beyond its well-established limits. Mandamus neither gives nor defines rights which one does not already have. It commands the performance of a duty. It acts upon the request of one who has a CT Page 8769 complete and immediate legal right; it cannot and does not act upon a doubtful and contested right. It is an expeditious remedy to protect a clear legal right. The essential conditions without which the writ will not be issued to enforce the performance of a ministerial duty are: (1) that the party against whom the writ is sought must be under an obligation imposed by law to perform some such duty, that is, a duty in respect to the performance of which he may not exercise any discretion; (2) that the party applying for the writ has a clear legal right to have the duty performed; and (3) that there is no other sufficient remedy. . . . We have always recognized the extraordinary character of proceedings by mandamus; its use is justified only when necessary to supplement the deficiencies of ordinary legal processes. We have consistently held to this rule, oft repeated and emphasized, and have applied it in both its letter and spirit. All attempts to appropriate it to use as an ordinary civil action have been steadily discountenanced. As a result, issuance of the writ has been confined to situations where the aggrieved party has no adequate remedy either at law or in equity. The general rule is that the writ is not available to recover a debt or damages arising out of a contract nor to enforce a contract even though its performance necessarily devolves on a public official. Mandamus is not the proper remedy to enforce performance of a contract for employment where the compensation, length of service, and duties of the employee are not fixed by statute . . . Other jurisdictions have held that mandamus will not issue to compel the payment of the salary of a public employee pursuant to his contract of employment.
The Milford Education Assn. v. Board of Education, 167 Conn. 513, 518-519
(1975) (internal quotations and citations omitted)
In this case, the plaintiff, like the Milford Education Association, is "seeking basically a judicial interpretation of the terms of its contract . . . and the payment of such sums as are due the individual [firefighters]. That result could easily have been attained in a simple action for a declaratory judgment and consequential relief". Id. at 520. Alternatively, had the plaintiff chosen to make the City a party[2], it could seek an award of damages equal to the amount of compensation it believes is due and owing to its members. As the Milford court observed, CT Page 8770 either remedy would be more complete and adequate than mandamus because in such proceeding there would properly be a determination of the specific amounts due under the contract as interpreted by the court — a determination not made in the [mandamus] case." In short, "use of mandamus is justified only when necessary to supplement the deficiencies of ordinary legal processes and when the aggrieved party has no adequate remedy either at law or in equity." Light v. Board ofEducation, 170 Conn. 35, 38 (1975).
Because the plaintiff has an adequate legal and equitable remedy, a writ of mandamus is not the appropriate legal vehicle to enforce its claim for unpaid compensation. Accordingly, the defendants' motion for summary judgment is granted.
SO ORDERED.
 ___________________, J. ROBERT L. HOLZBERG