[Civ. No. 11881. Second Appellate District, Division One.—November 15, 1939.]

EDWIN WALKER COMSTOCK, Respondent, v. BOARD OF TRUSTEES OF THE COMPTON JUNIOR COLLEGE DISTRICT IN THE COUNTY OF LOS ANGELES, STATE OF CALIFORNIA, et al., Appellants.

[black redaction boxes]

J. H. O'Connor, County Counsel, and W. B. McKesson, Deputy County Counsel, for Appellants.

Tanner, Odell & Taft and Robert A. Odell for Respondent.

YORK, P. J.—Respondent, a probationary teacher in the Compton Junior College District for a number of years, on December 20, 1935, received the following notice of dismissal signed by the clerk of the Board of Trustees of said district:

"Dear Mr. Comstock: You are hereby notified that the Board of Trustees of the Compton Junior College District, at a meeting held December 19, 1935, upon motion by Mr. Reber, seconded by Mr. Nestor and carried unanimously, passed a resolution to dismiss you from your present position as a teacher in the Compton Junior College District and to terminate your contract in accordance with section 5.680 of the School Code of the State of California, and particularly because of unprofessional conduct and persistent violation of, or refusal to obey, the school laws of California, or reasonable regulations prescribed for the government of the public schools. This dismissal is to take effect at the end of the present school month which is January 3, 1936."

Respondent refused to accept said letter as sufficient notice of his dismissal and on June 2, 1936, demanded his reinstatement as a probationary teacher of the said school district. His demand having been refused by the governing board, respondent on June 5, 1936, sought a writ of mandate to compel his restoration to his position and the payment of his back

salary. On July 6, 1936, the trial court entered its judgment in said proceeding, decreeing that respondent have judgment as prayed for in his petition and "that a peremptory writ of mandate issue out of and under the direction of this Court, directing and commanding said defendants forthwith to admit plaintiff to his said employment and position as a full time probationary teacher of printing and linotype in the Compton Junior College District", and directing said defendants (appellants here) to draw their warrant for the payment to respondent of his salary in the sum of $1123.85, being for the months of January, February, March, April and May, 1936. Said judgment was affirmed upon appeal. (*Comstock* v. *Board of Trustees*, 20 Cal. App. (2d) 731 [67 Pac. (2d) 694]), this court holding in a decision rendered on May 8, 1937, that the purported dismissal of January 3, 1936, was ineffectual because the proper procedure for dismissal had not been followed.

On November 23, 1937, respondent made written demand upon appellants that they issue their warrant for an amount equal to his salary for the year 1936–37 and for the last month of the school year 1935–36, to wit: the month of June, less the amount which he had earned during that period at casual employment. This demand was refused, whereupon respondent instituted the instant proceeding in *mandamus*, contending that since the governing board did not notify him on or before May 15, 1936, that his services would not be required for the ensuing year, as provided by section 5.681 of the School Code, he was automatically reelected for the school year 1936–37 by virtue of section 5.401 of said School Code.

It is conceded by respondent that on May 11, 1937, appellants notified him in writing pursuant to section 5.681 of the School Code that his services would not be required for the year 1937–38.

The trial court herein found among other things: "It is untrue that said notice of December 20, 1935, served to notify plaintiff that his services would not be required by the said defendant Compton Junior College District for the school year 1936–37, and it is untrue that said notice was given pursuant to the provisions of section 5.681 of the School Code."

This appeal is prosecuted from the judgment which was .thereafter entered granting a peremptory writ of mandate

commanding appellants to draw and deliver to respondent their warrant and demand for the sum of $1892.47, which represents respondent's salary for the last month of the year 1935-36, to wit: June, 1936, and also the balance of his salary for the year 1936-37 after deducting therefrom the sum of $580 which the trial court found had been earned by him at casual employment during the school year 1936-37.

The question here presented for determination is whether or not the notice of December 20, 1935, which was involved in the first proceeding in *mandamus* between the same parties, and which purported to be a dismissal for cause under section 5.680 of the School Code, may be relied upon in the instant proceeding in *mandamus* as a sufficient notice of dismissal of a probationary teacher under the provisions of section 5.681 of said code.

Section 5.680 of said code provides: ''Governing boards of school districts shall have power and it shall be their duty to dismiss probationary employees during the school year for cause only as in the case of permanent employees.''

Section 5.681 of the same code, as amended in 1931 (Stats. 1931, p. 1398) changing from June 10th to May 15th the date upon which notice shall be given, reads as follows: ''On or before the 15th day of May in any year, the governing board may give notice in writing to a probationary employee that his services will not be required for the ensuing year . . . ''.

Both permanent and probationary employees are deemed to be reemployed under section 5.401 of the School Code from year to year, except that probationary employees who are notified of their dismissal prior to May 15th cannot avail themselves of the statutory presumption of reemployment.

■ It is urged by appellants that the notice of December 20, 1935, was notice to respondent that he would not be employed for the school year of 1936-37, as required by section 5.681 of the School Code.

Respondent argues that said notice of December 20, 1935, did not, in terms or in legal effect, meet the requirements of section 5.681, *supra,* for the following reasons: *''First:* Because it did not, in substance or effect, notify respondent that his services would not be required for the school year 1936-37. *Second:* It states on its face that it is a notice under the pro-

visions of section 5.680, purporting to be a notice for cause under the provisions of that section and to be effective on January 3, 1936. *Third:* Appellants having undertaken to dismiss respondent for an alleged cause peremptorily and the procedure having been adjudged a nullity, appellants may not now change front and convert the notice of December 20, 1935, into a notice intended to be given under provisions of section 5.681, having reference to employment for the next ensuing school year.''

Appellants by simply giving notice to respondent on December 20, 1935, that his services would not be required after January 3, 1936, sought to effect a summary dismissal of respondent during the school year for cause. The trial court determined, and was upheld by this court on appeal, that such dismissal was ineffective because the proper procedure had not been followed, and on July 2, 1936, ordered that a peremptory writ of mandate issue restoring respondent ''to his said employment and position as a full time probationary teacher'' in the Compton Junior College District, and directed payment be made to him of his salary for the months of January, February, March, April and May, 1936.

■ It is obvious, therefore, that the notice of December 20, 1935, was never intended by appellants as a notice under section 5.681 of the School Code for the reason that, so far as appears from the record, no attempt was ever made to have the trial court limit its judgment to payment of back salary without reinstating respondent in his position. In other words, at the time of the actual entry of the judgment in the first proceeding the school year 1935–36 had expired, and if the contention which appellants now urge had been advanced then and found meritorious by the trial court, respondent would not have been entitled to reinstatement, but would have been afforded complete relief by the issuance of the writ directing payment to him of his back salary. However, having been restored to his position, his occupancy thereof continued until terminated by one of the methods provided by the School Code.

Appellants having put the notice of December 20, 1935, to a test in which it was found wanting, they cannot set it up in a subsequent proceeding claiming that they intended it to serve in another and different role, to wit: notice under sec-

tion 5.681 of the School Code that respondent's services would not be required for the ensuing year of 1936–37.

Under all of the facts and circumstances presented by the record herein, we are convinced that respondent's services were not terminated until service upon him by appellants of their notice of May 11, 1937, that his services would not be required for the ensuing year of 1937–38.

Interpreting the language of section 1609 of the Political Code, which later found its way into the School Code in section 5.650 et seq., the court in the leading case of *Blalock* v. *Ridgway*, 92 Cal. App. 132, at 136 [267 Pac. 713], said: "It must be apparent that, except for good cause, the Board of Trustees could not discharge a probationary teacher on April 1st, let us say, so as to dispense with her services for the remainder of that school year. It must be equally clear that on June 11th, they could not dispense with her services except for good cause, for the very obvious reason that the law, operating upon their inaction, has brought into being on that day a new contract for the ensuing year which is just as obligatory upon the board as the one which existed on April 1st. It would follow in logical sequence that the legislature declared its intention to fix the tenth day of June as the dead line—to make the giving of a written notice before that time the essence of the thing to be done to effectuate the discharge. In such cases the requirements of the statute must be held to be mandatory and not merely directory. . . . the legislature has said in effect that the board 'cannot' discharge a probationary teacher except in the mode and manner specified." (See, also, *Salmon* v. *Allen*, 1 Cal. App. (2d) 115 [36 Pac. (2d) 153]; *Caminetti* v. *Board of Trustees*, 1 Cal. (2d) 354 [34 Pac. (2d) 1021]; *Abraham* v. *Sims*, 2 Cal. (2d) 698 [42 Pac. (2d) 1029].)

For the reasons stated, the judgment appealed from is affirmed.

White, J., concurred.

Doran, J., dissented.

A petition by appellants to have cause heard in the Supreme Court, after judgment in the District Court of Appeal, was denied by the Supreme Court on January 11, 1940.