Debra SCHAUB, Plaintiff and Appellant,

v.

CHAMBERLAIN BOARD OF EDUCATION OF CHAMBERLAIN SCHOOL DISTRICT NO. 7–1, Defendant and Appellee.

No. 14042.

Supreme Court of South Dakota.

Argued Sept. 12, 1983.

Decided Oct. 26, 1983.

Lee D. Anderson of Hanson, Stiles, Anderson & Swank, Mitchell, for plaintiff and appellant.

Steven K. Rabuck of Andera & Rabuck, Chamberlain, for defendant and appellee.

DUNN, Justice.

This is an appeal from an order entered by the circuit court dismissing an appeal by a school teacher against the actions of a local school board and granting summary judgment to the school board. We affirm.

Appellant, Debra Schaub (Schaub), was employed by appellee Board of Education of Chamberlain School District No. 7–1 (Board) as a vocal music instructor during the school years of 1980–81 and 1981–82. On April 14, 1982, Schaub received a letter from the Board notifying her of the Board's intention not to renew her teaching contract.

Schaub requested and received an executive session conference with the Board in order to discuss the termination notice. Schaub was allowed to have a representative present and had the opportunity to present her case, which included allegations of violations of the school's teacher evaluation procedures when the school principal evaluated her teaching performance. At the conference the Board chose not to answer any of Schaub's questions, present any evidence, or make any statements.

Schaub appealed the decision of the Board to the circuit court. The court ruled that it was without jurisdiction to hear Schaub's appeal as a result of SDCL 13–43–10.2, which provides, in pertinent part:

On or before the first day of May, the school board shall notify in writing a teacher, who is in the first or second full term of employment in a school district, of its intention not to renew the teacher's contract. Such teacher, upon written request made within seven calendar days of the notice, shall be afforded an informal, private conference in executive session before the school board and appropriate administrators.... *The decision of the board shall be final and is not subject to appeal to the courts.* (Emphasis added.)

At issue is whether SDCL 13–43–10.2 precludes the circuit court from assuming jurisdiction of an appeal from the decision of a school board not to renew the employment contract of a probationary teacher when the teacher alleges noncompliance with the hearing provisions of SDCL 13–43–10.2 and the evaluation standards of SDCL 13–43–9.-1. Schaub claims that the hearing provisions and the evaluation provisions (all teachers shall be evaluated and given notice of any deficiencies during each semester of the first two full terms of employment) create a property interest in Schaub which requires due process protection through appeal to the circuit court, or in the alternative, reinstatement to her position.

■ At the outset, we note that Schaub is a probationary, nontenured teacher; as such, she is not entitled to the statutory protections afforded tenured teachers in SDCL 13–43–9.1 (except the last sentence), SDCL 13–43–10, and SDCL 13–43–10.1. Since she is nontenured, her claim of a property interest created by the probationary teachers' statutes must be evaluated in light of *Board of Regents v. Roth,* 408 U.S. 564, 92 S.Ct. 2701, 33 L.Ed.2d 548 (1972). The United States Supreme Court stated in *Roth* that the requirements of procedural due process apply only to the interests encompassed by the Fourteenth Amendment's protection of liberty and property. 408 U.S.

at 569, 92 S.Ct. at 2705, 33 L.Ed.2d at 556. Schaub makes no claim of a deprivation of a liberty interest. The Court also held that for a person to have a property interest protected by the due process clause, he must have more than a unilateral expectation in the interest; he must have a legitimate claim of entitlement to it. A nontenured teacher has no such legitimate claim of entitlement to continued employment and, therefore, has no property interest protected by the due process clause. 408 U.S. at 577–78, 92 S.Ct. at 2709–10, 33 L.Ed.2d at 561.

■ Likewise, we hold that SDCL 13–43–9.1 and SDCL 13–43–10.2 do not create property interests in probationary teachers in the form of entitlement to continued employment which must be protected by the requirements of procedural due process. The statutes in question merely provide for evaluations of teachers and for the right to a hearing upon request.

■ We also disagree with Schaub's allegations of Board noncompliance with the hearing and evaluation statutes. First, in regard to the hearing provision, we note that SDCL 13–43–10.2 merely requires that a school board hold a hearing upon written request of a probationary teacher. That was done in the present case. The provision does not require the board to speak, present evidence, or answer questions.

It is important to compare SDCL 13–43–10.2 with the hearing provision for tenured teachers in SDCL 13–43–10.1. The legislature specifically provided that at a hearing for a tenured teacher, "the board shall state the reasons for its determination." On the other hand, the legislature decided *not* to incorporate this language into the hearing provision for probationary teachers. In addition, this court has stated that a school board may refuse to offer a nontenured teacher a contract without giving any reasons for it. *Fries v. Wessington School Dist. No. 2–4,* 307 N.W.2d 875 (S.D.1981). Therefore, the Board did not violate SDCL 13–43–10.2 when it chose not to speak or

present evidence at the conference requested by Schaub.

Second, the statutes provide that probationary teachers are to be evaluated once each semester in the first two years of employment (SDCL 13–43–9.1) and that each local board is to set the rules and procedures for such evaluations (SDCL 13–43–26). This court has held that once a school board has adopted a rule or regulation, such as with teacher evaluations, it has the force of law. *Dale v. Board of Ed., Etc.*, 316 N.W.2d 108 (S.D.1982); *Schnabel v. Alcester School Dist. No. 61–1*, 295 N.W.2d 340 (S.D.1980). However, a violation by the Board of a rule does not in and of itself justify reinstatement of the teacher. The test in determining whether reinstatement is the proper remedy for a violation of teacher evaluation statutes is "whether a grievant has shown that the violation substantially and directly impaired his or her ability to improve himself or herself and attain continuing contract status." *Fries*, 307 N.W.2d at 879.

It is unclear from the record whether the Board violated any of its teacher evaluation rules when dealing with Schaub. Yet, it is clear that even if a rule or rules were violated, Schaub knew from earlier evaluations that the Board was concerned with certain deficiencies in her teaching. The record reveals that Schaub had at least three evaluations during the period in question, and on March 18, 1982, she had a meeting with the Board after she had been told of problems with her teaching. Thus, even if the Board violated one of its evaluation rules, it did not substantially or directly impair Schaub's ability to improve her teaching performance in an attempt to attain continuing contract status. She had opportunities to deal with the cited deficiencies before receiving notice of termination. Accordingly, Schaub is not entitled to reinstatement to her teaching position at Chamberlain.

Finally, we are compelled to recognize the clear language of SDCL 13–43–10.2: "The decision of the board shall be final and is not subject to appeal to the courts." The intent of the legislature to keep probationary teacher matters in the hands of the school boards could hardly be clearer. As we stated in *Moran v. Rapid City Area School Dist.*, 281 N.W.2d 595, 598 (S.D. 1979):

> School boards are creatures of the legislature and are a part of the legislative branch of government. Therefore, the judiciary may not invade the province of the school board's decision making unless such decision making is done contrary to law. . . .
>
> . . . .
>
> As long as the school board is legitimately and legally exercising its administrative power, the courts may not interfere with nor supplant the school board's decision-making process.

The decision of whether to re-hire a teacher for his or her third year of teaching is a critical one for all school boards, since that decision will determine whether the teacher in question is given the substantial rights of tenure. The South Dakota statutes and rulings of this court emphasize that it is up to the local school board to make that decision. It has not been shown that the actions of the Board in the present case were contrary to law.

The order and judgment of the circuit court are affirmed.

All the Justices concur.