James **COULL** and Kaye Lasagna, Plaintiffs and Appellees,

v.

**SPEARFISH BOARD OF EDUCATION, Spearfish Independent School District # 40–2, and Daniel R. McMichael, Superintendent, Defendants and Appellants.**

No. 14058.

Supreme Court of South Dakota.

Considered on Briefs Oct. 24, 1983.

Decided Nov. 30, 1983.

■

Linda Lea M. Viken of Finch & Viken, Rapid City, for plaintiffs and appellees.

Thomas E. Brady of Richards, Hood & Brady, Spearfish, for defendants and appellants.

DUNN, Justice.

This is an appeal from a summary judgment and order of the trial court granting two nontenured teachers the right to know the reasons for nonrenewal of their contracts and the right to present witnesses on their behalf at an informal conference of the school board. We reverse.

Appellees, James Coull and Kaye Lasagna, were teachers under contract with appellants, Spearfish Board of Education and Spearfish Independent School District # 40–2 (Board), for the 1981–82 school year. Superintendent Daniel R. McMichael of the Spearfish school is also an appellant in this case; all references to Board in this opinion include McMichael. Neither Coull nor Lasagna were in or beyond their third year of employment at the school, and are therefore considered nontenured teachers.

On March 25, 1982, Coull and Lasagna received notices from the school superintendent and principal that they would not be recommended for reemployment. Both teachers received letters from Board on April 1, 1982, informing them of Board's intention not to rehire them. On April 7, 1982, both Coull and Lasagna requested an informal, private conference with Board, pursuant to SDCL 13–43–10.2; they also demanded to be advised of the reasons for nonrenewal.

An informal, private conference was held on April 26, 1982, for each teacher, and each attended with legal counsel, as provided by statute. Despite Coull's and Lasagna's demands, Board elected not to advise them of the reasons for nonrenewal of their contracts. Coull and Lasagna filed suit in circuit court, seeking judgment declaring that under SDCL 13–43–10.2 they are entitled to a due process hearing before Board which specifically includes the right to know the reasons for their termination and the right to present evidence. Board moved for summary judgment on the grounds that the statute gives no such rights to nontenured teachers. Summary judgment was granted for Coull and Lasagna.

Board raises three issues on appeal: 1) Were Coull and Lasagna entitled to be advised of the reasons for Board's decision not to renew their contract? 2) Were Coull and Lasagna entitled to a due process hearing to present evidence on their behalf at the informal conference provided pursuant to SDCL 13–43–10.2? 3) Did Coull and Lasagna follow the procedural requirements of SDCL 13–43–10.2, which require written request for an informal conference within seven days of the notice of intention not to renew their contracts? Since the first two issues concern SDCL 13–43–10.2 and were decided in *Schaub v. Chamberlain Board of Education,* 339 N.W.2d 307 (S.D.1983), we will address them together.

SDCL 13–43–10.2 provides:

On or before the first day of May, the school board shall notify in writing a teacher, who is in the first or second full term of employment in a school district, of its intention not to renew the teacher's contract. Such teacher, upon written request made within seven calendar days of the notice, shall be afforded an informal, private conference in executive session before the school board and appropriate administrators. The teacher and the board may each have a representative present.... The decision of the board shall be final and is not subject to appeal to the courts ....

■ In *Schaub, supra,* we held that this statute does not create a requirement that a school board state the reasons for its determination not to renew a nontenured teacher's contract. Whereas SDCL 13–43–10.1, the hearing provision for tenured teachers, specifically requires a board to "state the reasons for its determination," the legisla-

ture did not incorporate this language into the hearing provision for nontenured teachers. By not including this language in SDCL 13–43–10.2, the legislature has reiterated our holding in *Fries v. Wessington School Dist. No. 2–4,* 307 N.W.2d 875 (S.D. 1981): a school board may refuse to offer a nontenured teacher a contract without giving any reasons for it. Therefore, the trial court erred by ruling Coull and Lasagna are entitled to be told Board's reasons for nonrenewal of their contracts.

We also held in *Schaub,* on the basis of *Board of Regents v. Roth,* 408 U.S. 564, 92 S.Ct. 2701, 33 L.Ed.2d 548 (1972), that SDCL 13–43–10.2 does not create a property interest in nontenured teachers which must be protected by a due process hearing. The statute merely provides a nontenured teacher the right to a hearing upon request. Here, Board fully complied with all the requirements of SDCL 13–43–10.2: it notified Coull and Lasagna in writing, prior to May 1, 1982, of its intention not to renew their contracts; it afforded Coull and Lasagna informal, private conferences in executive session; Coull and Lasagna were allowed to have a representative present at the conference. The statute does not require a full-fledged due process hearing at which teachers can examine witnesses and present other evidence. Therefore, the trial court erred by ruling Coull and Lasagna are entitled to present witnesses on their behalf at the informal conference.

In light of our holding on the first two issues, we need not deal with Board's third issue.

We reverse the judgment of the trial court and remand for entry of judgment in favor of Board.

All the Justices concur.