[No. B032384. Second Dist., Div. One. Jan. 17, 1989.]

JULIA ZHIGULINA, Plaintiff and Respondent, v.
BOARD OF EDUCATION OF LOS ANGELES UNIFIED
SCHOOL DISTRICT et al., Defendants and Appellants.

**COUNSEL**

Ron Apperson and Howard Friedman for Defendants and Appellants.

Lawrence B. Trygstad and Richard J. Schwab for Plaintiff and Respondent.

**OPINION**

**ORTEGA, J.—**

## INTRODUCTION

Respondent Julia Zhigulina, a probationary teacher with the Board of Education of the Los Angeles Unified School District (hereinafter appellant), was terminated for cause under the provisions of Education Code section 44948.3.[1] She sought issuance of a writ of mandate claiming that section 44882, subdivision (b) (hereinafter section 44882(b)) (since renumbered 44929.21), providing for the attainment of tenure, took effect notwithstanding the pendency of termination for cause proceedings. The superior court issued the writ. A timely appeal followed. We will reverse the judgment and hold that section 44882(b) does not supersede section 44948.3 to grant tenure to a probationary employee against whom dismissal proceedings for cause are pending.

## FACTS

Respondent began her employment with appellant January 21, 1985. On June 10, 1986, respondent was served notice of dismissal for cause under section 44948.3. She asked for a hearing before an administrative law judge. The hearing was conducted on August 1 and November 3, 1986. On December 5, 1986, the judge issued his recommended decision that no grounds for dismissal were established. On June 29, 1987, appellant rejected that

---

[1] All statutory references are to the Education Code.

proposed decision and terminated respondent who had remained employed by appellant throughout this time period.

## ISSUE

Do the provisions of section 44882(b), which confer tenure after the passage of a certain time, do so notwithstanding the pendency of dismissal for cause proceedings under section 44948.3?

## DISCUSSION

Section 44882(b) provides that a probationary employee whose service commenced during the 1983-1984 fiscal year or later may be terminated by nonrenewal of the employment contract for the succeeding year provided that notice of such action is served on the employee no later than March 15 of the second complete consecutive year of employment. If such notice is not timely served, the employee is automatically reemployed for the following year and becomes a permanent employee as of July 1, the first day of that new school year.

Section 44948.3 provides for the termination of a first or second year probationary employee for cause and requires 30 days prior written notice of dismissal, no later than March 15 in the case of second year employees. In addition, it requires a statement of the reasons for the dismissal and notice of opportunity to appeal and includes the right to a hearing. If the dismissal is for unsatisfactory performance, a copy of the performance evaluation must accompany the written notice.

An employee terminated under section 44882(b) completes the second year of employment. One terminated under section 44948.3 may or may not complete that year, depending upon whether a hearing is requested and the scheduling of that hearing and subsequent action by the school board.

Respondent's assertion is that although section 44948.3 proceedings were pending, she acquired permanent status under section 44882(b) because no notice under the latter section was served prior to March 15, 1987, leading to her automatic reemployment for the school year commencing July 1, 1987, and tenure as of that date. In order for respondent's assertion to prevail, it is necessary that section 44882(b) be read not as an alternative method of termination, but as a superseding provision, an interpretation with which we disagree. "[Section 44882(b)] evidences the legislative intent to provide a separate procedure for the nonreemployment of probationary teachers apart from the procedures governing midyear dismissals under

Education Code section 44948.3." (*Grimsley* v. *Board of Trustees* (1987) 189 Cal.App.3d 1440, 1447 [235 Cal.Rptr. 85].)

*Comstock* v. *Board of Trustees, etc.* (1939) 35 Cal.App.2d 466, 470-471 [95 P.2d 969], followed by *Ward* v. *Fremont Unified Sch. Dist.* (1969) 276 Cal.App.2d 313, 323 [80 Cal.Rptr. 815], held that a school board having chosen to dismiss for cause, the notice of dismissal for cause could not be construed as a notice of intention not to renew. Although the Education Code has been amended many times since 1939, that holding lends further support to the *Grimsley* court's conclusion that the procedures are alternative procedures. That conclusion is further supported by the differences between the two sections. Section 44882(b) gives tenure to an employee who serves two complete consecutive years and has not been notified of nonrenewal by March 15 of the second year. Section 44948.3, carrying the greater stigma of dismissal for cause, applies to probationary employees in their first or second year and imposes additional requirements on the board, i.e., 30 days written notice no later than March 15 of the second year, a statement of reasons, notice of opportunity to appeal, a copy of the teacher's evaluation, and the right to a hearing.

In her brief, respondent concedes that she did not finish her first probationary year until June 30, 1986. The *Grimsley* court held that with reference to section 44882(b), before March 15 of the second year means any time during the first year. (*Grimsley* v. *Board of Trustees, supra,* 189 Cal.App.3d at pp. 1447-1448.) This same reasoning applies to section 44948.3 and means that the notice served on respondent June 10, 1986, was timely.

Respondent's position would require a school board to give notice under both sections in order to insure the termination of a probationary employee, a requirement which would serve no purpose where the board has made it plain by notice of dismissal for cause that it does not intend to retain the employee.

We note that the administrative law judge's December 5, 1986, recommended decision that respondent not be dismissed for cause would have given her reason to believe that she would be retained. Respondent's delay until June 29, 1987, to reject that recommendation and terminate her seems unfair since it deprived her of needed time to secure other employment. But that is a matter that can only be remedied by the Legislature. It has set up a statutory scheme for termination for cause which requires notice by March 15 of the second year in order to give time to seek other employment. However, it has set no statutory limits on when hearings must be held and decisions rendered by administrative law judges and school boards. Here,

notice was given nine months before March 15 of respondent's second year and there is no claim that the other procedural requirements of section 44948.3 were not met. That the hearing and decision were unduly prolonged resulting in the ultimate decision to terminate not being rendered until after March 15 of her second year did not serve to grant her tenure.

We follow *Grimsley* v. *Board of Trustees, supra,* 189 Cal.App.3d 1440, in holding that the procedures of sections 44882(b) and 44948.3 are alternative procedures. We conclude that compliance with either serves to terminate a probationary employee.

DISPOSITION

The judgment (order issuing a writ of mandate) is reversed. Each party to bear its own costs.

Hanson (Thaxton), Acting P. J., and Devich, J., concurred.

A petition for a rehearing was denied February 1, 1989, and respondent's petition for review by the Supreme Court was denied March 29, 1989.