**Harold L. WHITE MAN, Appellant,**

v.

**Harvey GUNNICK, Rodney Paulson, Greg Grimshaw, William Potter, and Randy Klein, as the Members of the School Board for the Todd County School District, Appellees.**

**No. 17213.**

Supreme Court of South Dakota.

July 10, 1991.

Rick Johnson, John Peterson, Johnson, Eklund & Abourezk, Gregory, for appellant.

Rodney Freeman, Jr., Huron, for appellees.

HENDERSON, Justice.

## PROCEDURAL HISTORY/ISSUES

On January 6, 1986, Summary Judgment was entered in favor of Harold White Man (White Man). The trial court determined that the Todd County School Board (Board) did not comply with the statutory notice requirement when it attempted to terminate White Man's employment. This decision was immediately appealed to the South Dakota Supreme Court by the Board. This Court determined that the trial court's order was not a final order, as the issue of damages had not been completed. Therefore, the case was remanded to the trial court for a determination of damages and/or reinstatement. An evidentiary hearing was held before the trial court on July 16, 1986, to determine the issue of damages and/or reinstatement. A decision was not made by the trial court until January 29, 1990. The trial court entered judgment in favor of White Man for $9,510.48 in damages for the 1985–86 school year. The trial court also determined that White Man was not entitled to the reinstatement of his teaching position with Todd County. White Man raises one issue on appeal:

Is he entitled to reinstatement and/or damages for the years following the 1985–1986 school year?

We reverse and remand.

## FACTS

White Man was a tenured teacher for the Todd County School District during the 1984–85 school year. On March 12, 1985, White Man was evaluated and advised orally and in writing, that the recommendation of the evaluator would be for non-renewal. On March 14, 1985, White Man received a letter signed by the Superintendent of the Board advising White Man that it was his intention not to recommend White Man to the Board for the 1985–86 school year. On April 3, 1985, a typewritten notice to White Man was signed, stating that the School Board decided not to renew White Man's contract for the 1985–86 school year.

On April 4, 1985, White Man called in sick from his job. This prompted the Superintendent to attempt personal service of White Man's termination notice. A copy of the letter was attached to the door of White Man's residence, another copy of the letter was placed in White Man's car, another copy was placed in his school mailbox and, finally, a copy was mailed to his residence.

White Man acknowledged receiving the letter of April 3, 1985 on April 9, 1985.\*

SDCL 13–43–10 places certain obligations on a school board if they make a determination not to renew a teaching contract for the ensuing school year:

Not earlier than fourteen days nor later than twenty-one days after the notice of intent as provided in SDCL 13–43–9.1, such teacher shall be *notified in writing* by the board of the board's determination not to renew ... *Failure* by the board or the superintendent to comply with the provisions and notices of SDCL 13–43–9.1 and SDCL 13–43–10 *shall constitute an offer on the part of the board to renew the contract for the ensuing school year under the same terms and conditions as the contract for the then current year.* (emphasis added).

The required notice of intent was received by White Man on March 14, 1985. This is the day which triggers the commencement of the twenty-one day period of time referred to in SDCL 13–43–10. Computing time, April 4, 1985, was the last day that the School Board could effect its obligation to notify White Man "in writing." Thus, the trial court determined that the Board's failure to comply with the notice statute constituted an offer on the part of the board to renew the contract for the ensuing school year, 1985–86.

After a hearing on damages, the trial court determined that White Man was entitled to:

---

\* White Man took sick leave on April 4, 1985, and stated that he was in Winner, South Dakota, having a medical appointment and having some tests run. After completing the test sometime after 4 p.m., he journeyed to see his daughter at Valentine, Nebraska. The record discloses that April 5, 1985, was Good Friday and a school holiday. No school was held on April 6, 7 or 8.

| | |
|---|---|
| Salary for 1985–86 school year | $24,720.00 |
| Insurance Benefits | 618.50 |
| Search for employment expense | 573.08 |
| Commuting | 1,098.90 |
| | $27,010.48 |

However, since White Man found employment at $17,500.00 per year at another school, the trial court determined that his salary must offset these damages. Judgment was entered for White Man in the amount of $9,510.48. The trial court further determined that White Man is not entitled to reinstatement. This appeal followed.

## DECISION

Pursuant to SDCL 13–46–1, an aggrieved teacher has a right to appeal a school board's decision not to renew to the circuit court. SDCL 13–46–6 permits a trial de novo. In the present case, a trial was never held. The trial court dismissed the action pursuant to a summary judgment motion—in favor of White Man. The trial court stated that White Man must be offered a teaching contract for the 1985–86 school year because the Board failed to comply with SDCL 13–43–10. The trial court decided to wait to determine damages until a later date, hoping the parties would settle. Since that did not happen, an evidentiary hearing, solely on damages, was held in July, 1986. The trial court did not render a decision until January 30, 1990 stating:

> By any standard, there has been an inordinate delay in the issuance of this Memorandum Decision after the court's receipt of Appellee's last brief on July 23, 1986. This Court readily admits that this case would have continued to escape attention had not the Appellant personally asked the Court as to the current status on or about January 26, 1990. I do deeply regret and apologize for the great delay that has occurred in this case. The court, apparently simply failed to properly track the case for further disposition after the hearing on July 16, 1986.

 The circuit court declined to give damages to White Man beyond the 1985–86 school term. We believe this is error. White Man's damages continued to accrue during the period between the July 18, 1986, hearing and the judgment entered on May 11, 1990. Damages may even continue to accrue at this time. We so express because it appears that White Man's contract with Todd County continues to exist. It will continue to exist until it is terminated in compliance with South Dakota's Continuing Contract Law found in SDCL 13–43–9.1 and SDCL 13–43–10.

We have a unique set of facts before us due to the great delay spawned by the inactivity of the circuit court. There appears to be no South Dakota authority, directly on point, to govern our decision. However, the facts of this case are somewhat reflected in *Comstock v. Board of Trustees*, etc., 35 Cal.App.2d 466, 95 P.2d 969 (1939). In *Comstock*, a teacher received a notice of dismissal on December 20, 1935. It was to take effect on January 3, 1936. In July of 1936, the trial court granted the teacher re-employment and back pay for January through May of 1936, after the determination was made that proper notice procedures had not been followed. Subsequently, in November, 1937, the teacher demanded payment equal to his salary for the month of June in 1936 and the 1936–37 school year. This demand was refused. An action was then commenced by the teacher stating that the school board did not notify him on or before the applicable date of his termination for the ensuing year. The teacher argued that he was automatically rehired for the school year 1936–37. The board argued that the notice of December 20, 1935, was notice to the teacher that he would not be employed for the 1936–37 school year. The trial court, however, determined that the notice given was ineffective for any purpose and that the teacher had been reinstated to his position until terminated by one of the methods provided by the legislature. The trial court further determined that the teacher's services were finally terminated when the school board served him notice on May 11, 1937, that his services would not be required for the 1937–38 school year. *See also, Paradis v. Sch. Admin. Dist. No. 33 Sch. Bd.*, 462 A.2d 474 (Me.1983) (where

notice of termination of continuing teaching contract did not comply with procedural requirements with respect to non-renewal; teacher was entitled to damages of more than one year back pay from school board).

We reverse and remand, ordering the trial court to determine White Man's damages for the 1986–87, 1987–88, 1988–89 and 1989–90 school years and to enter a money judgment therefor. Any offsets, by way of money received from other teaching contracts should be considered by the circuit court in its determination.

■ As to reinstatement, we reverse and remand for a factual determination as to whether reinstatement is a viable alternative based upon both White Man's and the Todd County School Board's respective situations as they exist *now*. Technically, White Man is entitled to reinstatement. *Jager v. Ramona Board of Education, Ramona School District*, 444 N.W.2d 21 (S.D.1989); Reid v. Huron Board of Education, Huron School District No. 2–2, 449 N.W.2d 240, 245 (S.D.1989). Therefore, we vest the trial court with the discretionary power to make a determination as to the feasibility of White Man's reinstatement.

We reverse and remand.

SABERS and AMUNDSON, JJ., concur.

MILLER, C.J., concurs specially.

WUEST, J., concurs in part and dissents in part.

MILLER, Chief Justice (concurring specially).

I concur in the majority writing.

As Chief Justice, and on behalf of the South Dakota Judiciary, I apologize to the parties, their counsel, and the public generally, for the delay caused at the trial court level. Taking four years to decide any case is simply unconscionable. I do appreciate the thoughtfulness of the trial court in apologizing in his memorandum decision, but suggest that was too little, too late.

WUEST Justice (concurring in part and dissenting in part).

I concur with the majority opinion except that portion which vests the trial court with the discretionary power to determine the feasibility of White Man's reinstatement. In my opinion, White Man is entitled to reinstatement and, under the facts of this case, the trial court has no discretion. *Jager v. Ramona Bd. of Educ.*, 444 N.W.2d 21 (S.D.1989); *Reid v. Huron Bd. of Educ.*, 449 N.W.2d 240 (S.D.1989).