Sharon JENSEN, Complainant, Petitioner and Appellant,

v.

BONESTEEL–FAIRFAX SCHOOL DISTRICT NO. 26–5, Appellee.

Nos. 17196, 17216.

Supreme Court of South Dakota.

Argued Feb. 12, 1991.

Decided July 17, 1991.

Linda Lea M. Viken, Finch, Viken, Viken and Pechota, Rapid City, for complainant, petitioner and appellant.

Gerald L. Kaufman, Huron, for appellee.

HENDERSON, Justice (on reassignment).

## PROCEDURAL HISTORY/FACTS/ISSUES

We affirm the circuit court in its entirety holding that a non-tenured, probationary teacher has no right to appeal a school board's decision not to renew her contract under SDCL 13–43–10.2; and further hold, under the circumstances of this case, without passing on the merits, that she has a right to proceed with her unfair labor practices complaint.

Jensen was in her second year of employment as a second grade teacher in the Bonesteel–Fairfax School District (District). In the fall of 1987, during her second year working for District, Jensen participated, with other members of the Bonesteel–Fairfax Education Association (Association), in persuading the Board of Education (Board) to allow teachers to select a new health insurance carrier.

Jensen took five days sick leave that semester to attend the death bed of her father-in-law. After being notified by Board's business manager that these five days would be deducted from her paycheck, she appealed to Board, which rescinded the business manager's decision.

On May 4, 1988, Board timely notified Jensen of its intention not to renew her contract for a third year, pursuant to SDCL 13–43–10.2. Under the same statute, Jensen requested and received an "informal, private conference" with Board. She was told that her contract would not be renewed because her teaching was only "average." There were also statements that she "was a below average teacher." She was notified, simultaneously, that the school district has a policy to grant tenure to teachers who were "above average" or "excellent" teachers. The Board (school district) expressed, and so notified her, that the "district's interests would be better served with a better teacher." Jensen alleges that during the same month, an administrator for District told her that her involvement with Association had hurt her prospects for re-hire and tenure.

Jensen filed a formal grievance with her school principal in accordance with District's adopted grievance procedure on June 15, 1988. The grievance alleged that Board had violated five of its own adopted policies by (1) retaliating against Jensen for her Association activities and her sick leave grievance, and (2) failing to make Jensen aware of administration complaints about her performance so that she could improve her deficiencies or respond to criticism. After unfavorable decisions by principal, superintendent and Board, Jensen appealed her grievance to Department on July 18, 1988.

Jensen also filed an unfair labor practices complaint with Department on July 1, 1988. The complaint alleged that Board violated SDCL 3–18–3.1 by (1) restraining Jensen's exercise of statutorily guaranteed rights of free expression and freedom of association, and (2) discriminating against her in regard to hire and tenure because of her Association activities and her sick leave grievance. District moved to dismiss the grievance and the complaint, claiming that both were, in actuality, appeals from Board's decision not to renew Jensen's contract, which, in the case of non-tenured teachers, is prohibited under SDCL 13–43–10.2. Following a hearing held December

13, 1988, Department granted District's motion to dismiss the *grievance appeal* for lack of jurisdiction, but denied District's motion to dismiss the *unfair labor practices complaint.* Upon appeal by both Jensen and District, circuit court affirmed Department.

In this appeal, Jensen again argues that Department has jurisdiction over both the grievance appeal and the unfair labor practices complaint, while District maintains that Department has jurisdiction over neither.

### Standard of Review

Our scope of review herein is limited to a question of law. Only Department's jurisdiction is at issue. "[A]dministrative agencies have only such adjudicatory jurisdiction as is conferred upon them by statute." *Johnson v. Kolman,* 412 N.W.2d 109, 112 (S.D.1987) (citations omitted). Therefore, this Court is constrained to follow its decision in *Permann v. Dept. of Labor,* 411 N.W.2d 113 (S.D.1987). As such, this is exclusively a question of law, and we review the decision de novo, without deference to Department or circuit court.

### 1. The Complaint

SDCL 3–18–3.1 provides in part that:
It shall be an unfair practice for a public employer to:
(1) Interfere with, restrain or coerce employees in the exercise of rights guaranteed by law;

   *     *     *     *     *     *

(3) Discriminate in regard to hire or tenure or employment or any term or condition of employment to encourage or discourage membership in any employee organization;
(4) Discharge or otherwise discriminate against an employee because he has filed a complaint, affidavit, petition or given any information or testimony under this chapter;

   *     *     *     *     *     *

(6) Fail or refuse to comply with any provision of this chapter.

■ SDCL 3–18–3.3 provides in part: "It shall be the duty of the department of labor to enforce § [ ] 3–18–3.1 ... by promulgating appropriate rules and regulations[.]" ARSD 47:02:03 sets forth a procedure for bringing a complaint for unfair labor practices before Department. Jensen complied with that procedure when she filed a complaint with Department on July 1, 1988 alleging restraint of her free expression and freedom of association rights guaranteed under SDCL 3–18–2, SDCL 3–18–10 and SDCL 3–18–15, and also discrimination against her by District in regard to hire and tenure because of her Association activities and her sick leave grievance.

District points to SDCL 13–43–10.2 as prohibiting appeal to Department of Board's decision not to renew the contract of a non-tenured teacher. District fails to comprehend that Jensen's unfair labor practices complaint is not an appeal to Department from Board's May 4, 1988 decision not to re-hire her, but an original proceeding under ARSD 47:02:03 alleging a violation of SDCL 3–18–3.1(1), (3), (4) and (6). As the circuit court stated, "[t]here is no legal reason why this complaint should not be heard by the Department[.]" Without passing on any merits of the complaint, we affirm Department's finding of jurisdiction over Jensen's unfair labor practices complaint.

### 2. The Grievance Appeal

■ As to the grievance appeal, we reach another result. SDCL 13–43–10.2 states, in pertinent part:

During the conference, the teacher shall be provided a statement of reasons which have lead to the intention not to renew the teacher's contract. This section shall not be interpreted as granting tenure to any such teacher in the first or second full term of employment; the purpose of the statement of reasons for non-renewal shall be to assist the teacher involved in making his own personal assessment of his teaching abilities and prospects and for discussing the reasons for the non-renewal during the conference. The statement of reasons shall not constitute any grounds whatsoever for challenging the non-renewal. A decision by the

board shall be final and may not be subject to appeal to the Courts. A grievance may not be filed on the provisions of Chapter 3–18 unless local policy provides otherwise.

In essence, SDCL 13–43–10.2 states that a statement of reasons, as provided during the informal conference, *shall not* constitute grounds for challenging the decision to non-renew the teaching contract; and that no grievance may be filed unless local policy provides otherwise. Our state legislature, by express direction in SDCL 13–43–10.2 stated: "A decision by the board *shall be final* and *may not be subject to appeal to the Courts.*" We believe this statute is meaningful and should not be eroded.

Jensen was a non-tenured teacher. This is undisputed. Teacher Jensen was in her second year of employment; as such, she was probationary and non-tenured. Jensen was timely notified, in the spring of 1988, pursuant to state law, that her teaching contract would not be renewed for a third year. Jensen was entitled to an informal conference with the Board of Education of the Bonesteel–Fairfax School District. Pursuant to state law, one was granted. She was notified thereafter of the reasons for her non-renewal.

Employees are limited to grievances that are not inconsistent with the agreement. Jensen contends that there does exist an agreement. She is right on that fact. However, under *Rapid City Education Association v. Rapid City School District,* 433 N.W.2d 566 (S.D.1988), she is limited to a grievance that is not inconsistent with the agreement. She contends that the teacher's association and the school district may negotiate any terms they wish to include as a condition of employment. In effect, she is contending that there must be specific language within a negotiated agreement policy that a first or second year teacher is expressly precluded from filing a grievance pertaining to the statement of reasons. Thereby, she misreads SDCL 13–43–10.2. That statute does not require such a provision. Rather, that statute provides: "[a] grievance may not be filed under the provisions of Chapter 3–18 *unless local policy provides otherwise.*" (emphasis supplied). In essence, there is simply no grievance policy within the District authorizing the right of a *non-tenured* teacher to grieve either non-renewal of a contract or the statement of reasons given at the informal conference. All of her complaints against this school district arise from her not being renewed; the circuit court determined that the local policy did not provide for the filing of a grievance. The circuit court is right.

In *Moran v. Rapid City Area School District,* 281 N.W.2d 595, 600 (S.D.1979), we held, inter alia, that the school board's action, in making decisions on rehiring, is presumed to be done in good faith. Essentially, Jensen is arguing that either the courts or some agency "go behind" the school board's decision not to rehire her. We cannot do so under the statutes and we cannot do so under the decisional law of this state. This Court noted in *Murphy v. Pierre Independent School District No. 30–2,* 403 N.W.2d 418 (S.D.1987), that SDCL 13–43–10.2, as amended, requires that reasons be given for the non-renewal of a non-tenured teacher's contract, but a school board's decision cannot be challenged on these grounds. *Murphy,* at 419, fn. 2; *Murphy,* at 420 fn. 3.

Jensen, in her prayer for relief, seeks reinstatement, in the proceedings below. She is, in actuality, challenging the statement of reasons as to why she was not renewed. If she is permitted to do this, the net result is that our previous decisions are shattered, for the door is then opened to attack the board's reasons. In lieu thereof, a non-tenured teacher could come forth and say: "It was for other reasons that I was not rehired." It would eviscerate the clear statement of SDCL 13–43–10.2. She has absolutely no property interest, as a non-tenured teacher, which is protected by a due process hearing. *Coull v. Spearfish Bd. of Educ.,* 340 N.W.2d 695, 697 (S.D.1983).

The decision of the circuit court to dismiss the grievance, based upon lack of jurisdiction, is affirmed.

MILLER, C.J., WUEST, J., and HERTZ, Acting J., concur.

SABERS, J., concurs in part and dissents in part.

AMUNDSON, J., not having been a member of the Court at the time this action was submitted to the Court, did not participate.

SABERS, Justice (concurring in part and dissenting in part).

I concur on Issue 1, the unfair labor practice complaint. I dissent on Issue 2, the grievance.

The majority opinion relies on SDCL 13–43–10.2, which requires Board, upon the request of a nontenured teacher, to state the reason that the teacher is not being re-hired, but adds that this "statement of reason shall not constitute any grounds whatsoever for challenging the nonrenewal. A decision by the board shall be final and may not be subject to appeal to the courts. A grievance may not be filed under the provisions of chapter 3–18 unless local policy provides otherwise."

District's own grievance procedure provides at Art. VI § D.2 that a grievance decision may be appealed from Board to Department. A grievance is defined in Art. I § A as "a claim by a teacher ... that there has been a violation, misinterpretation or misapplication of any agreement, policy, rule or unequal and inconsistent application of practices or procedures of the Board of Education."

It is important to note that Jensen is not appealing Board's decision not to renew her contract, but instead grieving certain "violations, misinterpretations or misapplications" of several District policies. In particular, Jensen cites the following policies she claims were violated:

(1) Grievance Procedures Art. VII promising no reprisals against teachers making use of the grievance procedure;

(2) Constructive Criticism Policy requiring District to make teachers aware of any complaints from students, parents and administrators and to give them a chance to respond to such complaints;

(3) Various other District policies requiring the evaluation, documentation and disclosure of any deficiencies in teachers' job performance, including:

(a) Supervision, Evaluation and Employment Policy for Certified Teaching Staff §§ D, E & J;

(b) School Policy Relating to the Instruction Staff § 21, "Teacher Evaluation"; and

(c) Teacher's Policy Handbook 13, "Termination of Teacher's Contract" para. 1.

A violation, misinterpretation or misapplication of these policy statements constitutes a "grievance" within the meaning of District's grievance procedure at Art. I § A. Jensen followed all the steps for filing her grievance prescribed in Art. VI. Art. VI § D.2 permits the appeal of an unfavorable Board decision on the grievance to Department. This is consistent with SDCL 3–18–15.2, which provides that an unresolved grievance "may be appealed to the department of labor," so long as this right of appeal is not "interpreted as giving the department of labor power to grant tenure[.]"

While SDCL 13–43–10.2 prohibits the appeal of Board's decision not to re-hire a nontenured teacher, Jensen's appeal to Department was not from Board's May, 1988 decision not to renew her contract, but from Board's June, 1988 decision on her grievance. Department and the circuit court confused the relief available to Jensen with jurisdiction. Now the majority confirms the error. Although the relief available to Jensen excludes tenure, other relief is available to her. *Fries v. Wessington Sch. Dist.,* 307 N.W.2d 875, 879 (S.D.1981).

The majority opinion claims that if Jensen is permitted "to attack the board's reasons," "the net result is that our previous decisions are shattered," and "[i]t would eviscerate the clear statement of SDCL 13–43–10.2."

I say nonsense. The simple fact is that the majority opinion itself is "shattering"

and "eviscerating" this court's clear statements in:

(1) *Fries v. Wessington Sch. Dist.,* supra;

(2) *Rininger v. Bennett Co. Sch. Dist.,* 468 N.W.2d 423 (S.D.1991) (majority opinion by Wuest, J.); and even

(3) *White Man v. Gunnick,* 473 N.W.2d 148 (S.D.1991) (handed down July 10, 1991) (majority opinion by Henderson, J.).

It is interesting to note that both Rininger and White Man filed for reinstatement through a grievance, not through an unfair labor practice complaint. Rininger was reinstated and White Man may be reinstated. Moreover, this court has held that even an aggrieved nontenured teacher can be reinstated, albeit temporarily and without tenure, as one possible remedy for the school district's violation of its contract with the teacher. *Fries,* 307 N.W.2d at 879. Therefore, we should reverse on this issue and hold that Department has jurisdiction under SDCL 3–18–15.2 to hear Jensen's appeal of her grievance.

The inconsistent result in the present case creates unnecessary confusion. Are we now overruling *Fries*? Does nonrenewal of a nontenured teacher's contract automatically deprive her of her statutory right to grieve contract violations by her employer and to appeal an unfavorable decision to Department?

We should hold that while Jensen may not directly appeal the decision of Board not to *renew* her contract, there is nothing to prevent her from grieving alleged violations of her *existing* contract and from appealing an unfavorable Board decision on that grievance. In the alternative, Jensen should be able to pursue relief through the award of money damages or through reinstatement without tenure under *both* grievance and unfair labor practice law.